## Sweeptzer vs. Gaines et al.

In an action of ejectment founded upon a patent certificate issued to a pre-emption claimant, evidence tending to prove that the plaintiff is not within the provisions of the pre-emption law under which he claims, is inadmissible.

Where the verdict and judgment, upon the whole record, are right, the judgment will be affirmed though the Court may have erred upon some question of law.

In order to present any question in the appellate Court, as to the right of a Special Judge to preside in the trial of the cause, his power and authority must be questioned in the Court below, and the grounds of the objection stated in the record.

*Appeal from the Circuit Court of Hot Spring county.*

The Hon. John C. Murray, Special Judge, presiding.

Williams & Williams, for the appellant.

Watkins & Gallagher, for the appellees.

Mr. Justice Scott delivered the opinion of the Court.

In this case, the plaintiffs below sustained their action of ejectment by the same proof made in their several cases against Rector, Hunter, Hale and Butler.

On the part of the defendant there was no application for a continuance as in some of these cases, and no offer to introduce evidence of Langlois' claim, or that of Perciful. But he took the independent position of being a settler upon the public lands, and offered, among other things, to prove facts tending to show that Belding's heirs were not entitled to the certificate of purchase they proceeded upon; because their ancestor was not within the provisions of the pre-emption law of 1830. This evidence was of course rejected. The verdict and judg-

ment were for the recovery of the premises, and for only nom-
inal damages, and was, therefore, right upon the whole record,
although the Court did err as to the question of rents and prof-
its. But as this error worked no injury to the defendant be-
low—the verdict and judgment being precisely what it should
have been, had the Court ruled properly—he has no cause to
complain, and could not be benefited by another hearing.

There is no other question presented. The counsel for the
appellant has discussed one, however, relating to the authority
of the Special Judge to try this cause, but no such question
arises upon this record. It distinctly appears that these pro-
ceedings were had in the Circuit Court for Hot Spring county,
at a regular term thereof duly opened and continued, from day
to day until its close, by the regular Judge of that circuit, and
that in that Court, during that term, this cause was tried by a
Special Judge. It no where appears that, in that Court, any
question was raised as to the power or authority of the Special
Judge to try this cause, nor is there any thing in the record up-
on which such an objection can be grounded, under the course
of decisions in this court as to that point.

The proceedings of the Circuit Court are presumed to be
regular, unless the contrary is made to appear upon the record
of the cause in which error is alleged. It is clear that these
proceedings did occur in that Court at a regular term thereof,
and the usual presumption must be indulged in favor of their
regularity until the contrary is shown. Nothing short of the
proper record to the contrary can rebut the violent presumption,
that the regular Judge, in the midst of his regular term, would
not permit a mere usurper to take the bench and presume to
administer justice in his Court. Hence, the rule long since es-
tablished by the decisions of this Court, to be extracted from the
various cases, that in order to present any question of that sort
for revision here, the power and authority of the Special Judge
must have been questioned in the Court below, and the grounds
of the objection stated in the record. Nothing of this sort ap-
pears in this record. Nor is there any thing copied in the trans-

cript that authorizes even any suspicion as to the rightful authority of the Special Judge, who tried the cause, except a commission issued to him by the Executive, to try certain causes in the Hot Spring Circuit Court, specified therein, in which list the case before us is not included. This commission does not appear to have been spread upon the record by bill of exceptions, or otherwise, as in any way connected with this cause; and upon its face, it certainly has no connection with it, whatever connection it may have rightfully with the causes specified therein; and hence it can cut no figure at all in this cause, the proceedings in which must be presumed to be regular—since they are the proceedings of the Circuit Court—until the contrary is shown by the record in the cause. And certainly this is not done by a copy of a commission relating to other causes, and in no way, upon its face, relating to this, and in no way otherwise, upon the record, shown to relate to this cause, and which in support of the regularity of the proceedings we are fully authorized to presume was inadvertently copied by the clerk in the transcript of the record and proceedings in this case.

Finding no error in this record for which this judgment should be reversed, it will be affirmed with costs.

Mr. Chief Justice ENGLISH did not sit in this case.