## SCOTT VS. THE STATE.

It is a leading rule in the construction of statutes, that the several sections and clauses of an act shall, if possible, be so construed as not to frustrate and destroy, but to explain and support each other.

The 4th and 5th sections of the act of 21st February, 1859, are not so repugnant that both cannot stand without violating the rule above expressed.

*Appeal from Scott Circuit Court.*

Hon. J. M. WILSON, Circuit Judge.

S. F. CLARK, for the appellant.

Judgments of a court rendered at a term not authorized by law are void. *Dunn vs. The State*, 2 *Ark*. 229.

The several clauses of a statute should be so construed, that if possible, all shall stand and be operative.

HOLLOWELL, Attorney General, contra.

Mr. Justice COMPTON delivered the opinion of the Court.

Final judgment upon a forfeited recognizance was rendered against the appellant at a term of the Circuit Court, begun and held for the county of Scott, on the first Monday after the fourth Monday in February, 1859, being the 7th day of March, 1859.

The only objection insisted on in the argument is, that the court was held at a time not authorized by law.

By act of first of January, 1855, it was provided, that the Circuit Court of Scott county, should be held on the first Mondays after the fourth Mondays in February and August, and the court in question seems to have been held under the provisions of that act.

By the 3d section of the act of 21st February, 1859, it is provided, that the Circuit Court of the county of Scott, shall be held on the second Mondays in February and August in each year ; and by the fourth section, it is provided, that this act shall take effect and be in force, so far as the same relates to the county of Scott, from and after the 1st day of March, 1859. The 5th section provides, as follows : " That this act shall take effect and be in force from and after the 1st day of May next." *Acts of* 1858, *p.* 9, 277.

We would hold, if we could, that the Legislature did not intend, by this enactment, to deprive Scott county of one term of her court; but there is no room left for construction ; the 4th section expressly provides, that as to Scott county, the act shall take effect on the 1st day of March, 1859, thus cutting off all authority to hold the March term of the court for that year, under the old law, and making no provision for holding it under the

new act.  In such a case, we cannot enquire, as we did in *Hellems vs. The State*, at the present term, what the Legislature *intended* to do ; but can only declare what it *expressly did do.* Nor can we say that the 4th and 5th sections are so repugnant that both cannot stand, without doing violence to a leading rule of construction, which requires that all acts of the Legislature shall be so construed , if possible, that one section or clause shall not frustrate, or destroy, but on the contrary, shall explain and support another.  *Smith's Com. sec.* 575.  An application of this rule to the case we are considering, requires us to hold that by the 5th section the act was to take effect on the first day of May, 1859, *except* as to the county of Scott, as to which, by the 4th section, it was to take effect on the 1st day of March, 1859.

The court being held, then, at a time not authorized by law, the judgment rendered, was *coram non judice* and void, as held in *Brumley vs. The State,* 20 *Ark.* 77, and *Dunn vs. The State,* 2 *Ark.* 229.

Let the appeal be dismissed, a perpetual supersedeas awarded, and the recognizance stand as though no judgment had been rendered.