BLAGG v. FRY.

Opinion delivered November 25, 1912.

JUDGES—AUTHORITY OF SPECIAL CHANCELLOR—RIGHT TO QUESTION ON APPEAL.—Where the record in a chancery cause shows that the regular chancellor announced his disqualification, and that a special chancellor was elected and qualified in the manner provided by the Constitution, and that the proceedings were had at a regular term of the court, the power and authority of such special chancellor can not be questioned for the first time on appeal.

Appeal from Yell Chancery Court, Danville District; *T. D. Patton*, Special Chancellor; affirmed.

*Jo Johnson*, for appellant.

Where the record discloses none of the disqualifications

named in the law, there is no ground for the regular judge
or chancellor to refuse to preside in the trial of a cause.   He
can not arbitrarily and without cause hold himself disquali-
fied.   Art. 7, § 20, Const.; Kirby's Dig., § 1526; art. 7, §
21, Const.; 48 Ark. 227; 17 Ark. 580; 43 Ark. 35; 61 Ark. 88;
31 Fla. 594; 121 Cal. 102; 97 Cal. 101.

   *Priddy & Chambers,* for appellee.

   Appellants were present when the chancellor announced
his disqualification to sit in the trial of the case, and the cause
thereof.   It was their duty to object then, if they had any
objections to urge, and, not having done so, they will not
be heard to object now for the first time.   19 Ark. 96.   The
proceedings are presumed to have been regular, unless the con-
trary affirmatively appears from the record.   *Id.*

   HART, J.   Appellees instituted this suit in the chancery
court against appellants.   The record shows that, when the
case was reached on the regular call of the calendar, the Hon.
J. G. Wallace, the regular chancellor, announced his disqualifi-
cation to sit in the cause.   Whereupon the clerk of the court
proceeded to hold an election for a special chancellor to hear
said cause, which resulted in the election of the Hon. T. D.
Patton, a member of the bar of the court, as such special
chancellor.   The regular chancellor then administered to
him the oath required by law, and, upon the regular chancellor
vacating the bench, the special chancellor assumed the bench
and proceeded to try the cause.   A decree was rendered in
favor of the appellees, the plaintiffs below, against appellants,
the defendants below.   The record recites that both the plain-
tiffs and defendants were present at the trial.   The case is
here on appeal.

   It is now insisted by counsel for appellants that the
regular chancellor had no right to withdraw and to cause the
substitution of a special chancellor, and for this reason the
decree should be reversed.   In the case of *Sweeptzer* v. *Gaines,*
19 Ark. 96, the court held:

   "In order to present any question in the appellate court,
as to the right of a special judge to preside in the trial of the
cause, his power and authority must be questioned in the court
below, and the grounds of the objection stated in the record."

Both appellees and appellants were present at the trial of the cause in the chancery court, and, so far as the record discloses, no objection was at any time or in any manner made to the special chancellor acting as judge in the case. This court will not now for the first time hear such an objection. As held in the case of *Sweeptzer* v. *Gaines, supra,* in order to be available here, the power and authority of a special chancellor must have been questioned in the chancery court. The record shows that the regular chancellor announced his disqualification and that the special chancellor was elected and qualified in the manner provided by the Constitution. The parties went to trial before him without objection. The proceedings were had at a regular term of the court, and the usual presumption must be indulged in in favor of their regularity.

The decree will be affirmed.