FERNWOOD MINING COMPANY v. PLUNA.

FERNWOOD MINING COMPANY v. KUKAR.

Opinion delivered September 23, 1918.

1. JUDGES—SPECIAL JUDGE—TERM OF OFFICE.—Const. 1874, Art. 7, § 21, provides that "whenever the office of judge of the circuit court of any county is vacant at the commencement of a term of such court, or the judge of said court shall fail to attend, the regular practicing attorneys in attendance on said court may meet at 10 o'clock a. m. on the second day of the term and elect a judge to preside at such court, or until the regular judge shall appear," etc. The record shows the absence of the regular circuit judge on the first and second days of a term, and that on the latter date the clerk held an election for special judge, and that the special judge so elected adjourned the court to a succeeding date; that on the latter date the regular judge appeared and adjourned court to a subsequent date, on which day, the regular judge being absent, a second special judge was elected, who adjourned the court to a subsequent date, when the regular judge presided. *Held* that the election of the first special judge was not for the full term, but only until the regular judge should appear, when the powers of the special judge ceased.

2. SAME—SPECIAL JUDGE—PRESUMPTION.—Where the record of the circuit court shows that the regular judge was absent on the first and second days of the term, and that a special judge was elected in accordance with the requirements of the Constitution, such record is impervious to attack on appeal unless the facts which would defeat the election are recited in the record itself.

3. EXCEPTIONS—BILL OF—TIME OF FILING.—Under Kirby's Digest, § 6222, providing that "time may be given to reduce the exception to writing, but not beyond the succeeding term," where the court gave

90 days to file the bill of exceptions, which was filed within that time but after the succeeding term had expired, the bill of exceptions was filed too late.

4. JUDGES—SIGNING OF RECORD.—Kirby's Dig., § 1519, requiring the judge to sign the record at the final adjournment, is directory, and his failure to sign the record after ordering an adjournment did not continue the term of the court beyond that date.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Paul McKennon* and *J. B. McDonough,* for appellants.

1. The court lapsed on January 14, 1918, and was not in session when the judgment was rendered. The election of the special judge was void as not in accordance with law. 71 Ark. 310; 39 *Id.* 254; 42 *Id.* 126; 50 *Id.* 340; Act 7, § 21, Constitution.

2. The meeting of the officers of the court at a time not fixed by law was void. 20 Ark. 77; 48 *Id.* 227; 24 *Id.* 479; 22 *Id.* 414; 32 *Id.* 676; 48 *Id.* 151; 49 *Id.* 230; 2 *Id.* 229. The certificate of Judge Priddy and the clerk can not add to or take from the record. 197 S. W. 855; 94 *Id.* 685.

3. The reasons for the election of a special judge should appear of record. 4 Hill 91; Freeman on Judgm. § 121, note 1; 39 Ill. 554. The record must show full compliance with the legal requirements. Freeman on Judgments, § 121; 53 Ark. 110; 20 *Id.* 77; 24 *Id.* 479; 4 Col. 274. If the record affirmatively discloses want of authority to elect a special judge, the election is void. 119 Ind. 230. See also 122 Ga. 38; 82 Ark. 188; 129 *Id.* 550; 203 S. W. 704; 39 Ga. 718; 118 *Id.* 149; 78 N. W. 602; 83 Mo. App. 370; 19 Cal. 644; 39 Ill. 554; 12 Tex. App. 261; 102 Wis. 431; 52 Kansas 1; 11 Okla. 213; 38 So. 80; 35 *Id.* 955.

4. The term had ended and there can not be two circuit courts at the same time in the same circuit. 129 Ark. 550; 82 *Id.* 188; 104 *Id.* 629; 69 *Id.* 457; 49 *Id.* 110; 63 *Id.* 1; 46 *Id.* 110; 48 *Id.* 227. The term had lapsed and there

could be no court held.   129 Ark. 550; 32 *Id.* 188; 48 *Id.*
151; 49 *Id.* 230; 2 *Id.* 229.

5.   The election by attorneys was void. . 48 Ark. 227.
Mere absence of the regular judge does not authorize the
election of a special judge.   48 Ark. 227; 10 App. Div.
347; 52 Kan. 31; 118 Ga. 149.

6.   The Johnson Circuit Court was not in session at
the time the judgment was rendered.   Art. 7, § 21, Const.,
Kirby's Digest, § 1328; 87 Ark. 188.

7.   There was no order changing the election of the
first special judge Reynolds.   Kirby's Dig. § § 1527-1531.
The record only shows that the regular judge was "ab-
sent."   This is not sufficient.   79 Ark. 293; 120 *Id.* 530;
118 *Id.* 118.

8.   The order adjourning the May term was illegal
and not signed.   Kirby's Digest § 1519.

9.   The bill of exceptions was filed in time, within the
90 days.

*Willard Pendergrass* and *Evans & Evans,* for Pluna.
*Patterson, Moore & Klein, Heartsell Ragon* and *Jesse
Reynolds,* for Kukar.

1.   The court was without power to extend the time
for filing the bill of exceptions beyond the succeeding term
of court.   The bills of exception were not filed in time,
nor were they signed in time.   53 Ark. 415; 42 *Id.* 491; 39
*Id.* 558; 58 *Id.* 110; 38 *Id.* 216, 283; 118 *Id.* 355.

2.   The special judge was duly selected according to
law.   45 Ark. 478; Art. 7, § 21, Constitution; 49 Ark. 446;
50 *Id.* 344; 89 *Id.* 34.   Judge Reynolds was duly elected
as was Judge Montgomery and the adjournments were
duly made and legal.   The proceedings were duly entered
at large upon the records.   72 Ark. 320; 76 *Id.* 538; 79 *Id.*
287; 86 *Id.* 90; 87 *Id.* 52; 89 *Id.* 86.

3.   The bill of exceptions was filed out of time.   38
Ark. 283; 45 *Id.* 107, 242; 51 *Id.* 281; 61 *Id.* 358.   The only
remedy is in chancery.   61 Ark. 341, 354; 73 *Id.* 556; 120
*Id.* 151.   See also 96 Ark. 520; 51 *Id.* 341; 61 *Id.* 348; 48
*Id.* 355; 117 *Id.* 154.

PER CURIAM: The appellee in each of these cases recovered judgment against appellants in the circuit court of Johnson County at the December term, 1917, for damages on account of personal injuries received by appellees. Motions for new trial were filed and overruled in each case, and an order made extending the time for filing a bill of exceptions. Since the transcripts were lodged in this court, each of the appellees filed a motion to strike out the bill of exceptions and affirm the judgment on the ground that the bills of exceptions were not filed within the time required by law.

It is not contended that there is any error in the proceedings unless the bills of exceptions can be considered, and it, therefore, follows, if the bills of exception are stricken out, the judgment in each case must be affirmed.

Appellants respond with the contention, not only that the bills of exceptions were filed in apt time, but that the original judgment in each case was void because the term of court had lapsed before these trials occurred. This contention of appellants is based upon the allegation that on a day before the trials occurred the circuit judge was absent, and that the election of a special judge on that day was void, and in consequence thereof the term lapsed, and that the subsequent appearance of the judge on an unauthorized date did not constitute a legally assembled court. The facts as shown in the record are as follows:

The regular term for the Johnson Circuit Court is fixed by statute to begin on Monday, December 3, 1917, but Judge Priddy, the judge of that circuit, did not appear either on that day or the next day, and on the morning of the second day, December 4, the clerk announced to the attorneys assembled in the court room the fact of Judge Priddy's absence, and an election of a special judge was held, which resulted in the election of the Hon. Jesse Reynolds. The record recites that Judge Priddy "had failed to appear," and that the clerk proceeded to hold an election by ballot "to elect a special judge of and for said court," and that the Hon. Jesse Reynolds received all the votes cast, and was duly sworn according to law, and

entered upon his duties as such special judge. An order
of adjournment was entered by Judge Reynolds on that
day over until Monday, December 10, on which day Judge
Priddy appeared and opened the court and adjourned it
over to Monday, January 14. The record shows that on
the last-mentioned date Judge Priddy failed to appear to
hold the court and the clerk held an election for the pur-
pose of electing a special judge, and that the Hon. J. J.
Montgomery was elected special judge, and he ordered
an adjournment over to Monday, February 18th, on which
date Judge Priddy appeared and opened the court and
presided during the remainder of the term, including the
respective days on which these cases were tried.

It is insisted in the first place that the election of
Judge Reynolds was in effect for the full term of the
court during the absence of Judge Priddy, and that the
election of Judge Montgomery upon the failure of Judge
Priddy to reappear was unauthorized and void. The gov-
erning provision of the Constitution on this subject reads
as follows:

"Whenever the office of judge of the circuit court of
any county is vacant at the commencement of a term of
such court, or the judge of said court shall fail to attend,
the regular practicing attorneys in attendance on said
court may meet at ten o'clock a. m., on the second day of
the term, and elect a judge to preside at such court, or
until the regular judge shall appear; and if the judge of
said court shall become sick or die or unable to continue
to hold such court after its term shall have commenced,
or shall from any cause be disqualified from presiding at
the trial of any cause then pending therein, then the reg-
ular practicing attorneys in attendance on said court may
in like manner, on notice from the judge or clerk of said
court, elect a judge to preside at such court or to try said
causes, and the attorney so elected shall have the same
power and authority in said court as the regular judge
would have had if present and presiding; but this au-
thority shall cease at the close of the term at which the
election shall be made. The proceeding shall be entered

at large upon the record. The special judge shall be learned in the law and a resident of the State." Art. 7, Sec. 21.

The argument of counsel on this subject proceeds on the idea that the Constitution provides for two kinds of elections of special judges in the absence of a regular judge, one for the term and the other until the regular judge shall appear, and that the effect of the election in this instance was for the term, and that the appearance of the judge did not supersede the election so as to deprive the special judge thus elected of authority to serve at any other time during the term that the regular judge should be absent.

This is an entirely erroneous construction of the language of the Constitution, which means that, in the absence of the judge for any of the causes named, a special judge shall be elected in the manner pointed out to serve for the remainder of the term, unless the regular judge appears. This construction necessarily follows from the decision of this court in the case of *Hyllis* v. *State,* 45 Ark. 478, where it was held, in substance, that the powers of a special judge of the circuit court elected during a vacancy in the office of circuit judge ceased upon the appearance of the regular judge appointed to fill the vacancy, and that such special judge had no authority to preside thereafter in a case in which the regular judge was disqualified unless he was elected for that purpose. The same construction of the statute was, in part, the basis of the decision of this court in the more recent case of *State* v. *Stevenson,* 89 Ark. 31. This court now holds, following what it conceives to be the effect of those decisions, that when Judge Priddy appeared to hold the Johnson Circuit Court on December 10th, the authority of Judge Reynolds as special judge of the court entirely ceased, and that on the failure of Judge Priddy to reappear on the next adjourned date, January 14th, an election of another special judge to hold the court was authorized by law and was valid.

It is next contended that there was no real excuse for the absence of Judge Priddy, that he remained away merely for his own convenience, and that the election of a special judge in this instance was unauthorized and void. An attempt is made to establish that contention by proof adduced in this court. In some of the States the statutes authorizing the election of special judges expressly requires that the reasons be stated upon the record, and in those States it has been held that the election is void and all judgments rendered by a special judge are void unless the record shows affirmatively facts sufficient to justify the election. There is no such requirement in the Constitution or statutes of this State, and the rule established by the great weight of authority is that, in the absence of such express provision, the presumption will be indulged that the facts existed which made the election of a special judge necessary under the law. 23 Cyc. 609. Judge Works in his treatise on Jurisdiction of Courts (p. 389) states the prevailing rule as follows: "It is not necessary, in case of a collateral attack, that the existence of the causes shall appear on the face of the record. If the record is silent on the subject, and such an appointment could have been made, legally, under any circumstances, the authority for making the appointment, and that the grounds therefore existed, will be presumed." This court is already committed to that rule. In the case of *Caldwell* v. *Bell & Graham*, 3 Ark. 419, the court decided (quoting from the syllabus): "Where the record shows that the judge who presided upon the trial, was specially commissioned for that purpose, and nowhere contained any statement or presumption by which his power or authority can be questioned, the Superior Court is bound to presume that he had ample authority." In another case of the same style that decision was followed. 6 Ark. 227. In the case of *Sweeptzer* v. *Gaines*, 19 Ark. 96, it was decided that, (quoting from the syllabus): "To present any question in the appellate court, as to the right of a special judge to preside in the trial of the cause, his power and authority must be questioned in the court below, and

the grounds of the objection stated in the record.'' The last cited case was followed and approved in the recent case of *Blagg* v. *Fry,* 105 Ark. 356.

It is essential to the orderly proceedings of courts, and it was manifestly contemplated by the framers of the Constitution, that a judge who absents himself from one of his courts must determine for himself the necessity for so doing, and his determination is conclusive, and where the record of the trial court shows that the regular judge was absent and a special judge elected in accordance with the requirements of the Constitution, that record is impervious to collateral attack or to attack on appeal unless the facts which would defeat the election are recited in the record itself. This disposes of the contention with reference to the alleged invalidity of the judgments on the ground that the term of court had lapsed before the day of trial.

On the question of the time for filing the bills of exception the facts are that the Johnson Circuit Court, on March 18th, with Judge Priddy, the regular judge, presiding, overruled the motion for new trial in each of these cases and gave appellants ninety days from that date within which to present and file the bills of exception. The bill of exceptions in one of the cases was filed on May 23, 1918, and in the other case on May 27, 1918, both of which dates were within the time granted by the court, but after the adjournment of the Johnson Circuit Court for the May term, 1918. The statute provides that ''time may be given to reduce the exception to writing, but not beyond the succeeding term'' of court (Kirby's Digest, Sec. 6222) and any attempt on the part of the court to extend the time beyond the next term of court is void. *Carroll* v. *Saunders,* 38 Ark. 216; *Carroll* v. *Pryor,* 38 Ark. 283; *St. L., I. M. & S. Ry. Co.* v. *Rapp,* 39 Ark. 558; *Southern Lumber Co.* v. *Lowe,* 118 Ark. 355.

The record shows that the May term of court was adjourned on May 11, 1918, and the bill of exceptions in each of these cases was signed and filed after that date. The record shows, however, that the final adjourning order

was not signed by the presiding judge, and counsel for appellant rely upon the statute which requires the judge to sign the record at the final adjournment. Kirby's Digest, Sec. 1519. This court held, however, in the early case of *Ex parte Slocomb, Richards & Co.*, 9 Ark. 375, that "the omission of the judge to sign the record at the close of the term will not invalidate judgments or decrees of the term." The statute is directory, and does not affect the validity of judgments and orders of the court, including the order of final adjournment. The failure of the judge to sign the record after ordering an adjournment did not continue the session of the court beyond that date.

The bills of exception in these cases were filed too late to become a part of the record, and there being no error on the face of the record, it follows that the judgment in each case must be affirmed, and it is so ordered.