MARTEN v. JIRKOVSKY.

Opinion delivered June 13, 1927.

MORTGAGES—CONFIRMATION OF FORECLOSURE SALE.—Where due and legal notice of the time, terms and place of a judicial sale of land has been given, and there is no fraud or unfairness in the conduct of the sale, confirmation of it will not be refused on account of its being at a grossly inadequate price.

Appeal from Saline Chancery Court; *W. R. Duffie*, Chancellor; affirmed.

*Avery M. Blount*, for appellant.

*Ernest Briner*, for appellee.

MEHAFFY, J.  This is an appeal from an order of the chancery court confirming a sale of lands under decree of foreclosure.  The attorney who brought the suit to foreclose the mortgage lived at Searcy, Arkansas, and learned from the clerk of the chancery court in Saline County that no answer had been filed, and that the court would meet on December 18, 1925.  He prepared a decree and mailed it to the clerk, and wrote to the chancellor that he would not be present when the chancery court met at Benton, but that he had prepared and sent a decree to the clerk, and, if no answer had been filed on the 18th, to let the decree be entered.

The decree prepared by the appellant's attorney provided for the sale of the land if the amount due was not paid within ten days.  The attorney stated in his letter to the chancellor that he expected to leave for California about the 15th of December, and therefore would not be present when court met on the 18th.  When court met on the 18th of December a decree was rendered, and the court appointed the clerk commissioner to make the sale, and, among other things, the decree provided that, unless the amount was paid within ten days, the property should be advertised and sold, and, following the directions in the decree, which, as we have said, was prepared by the attorney for the plaintiff, the commissioner advertised and sold the land, and it was purchased by appellee for $200.

The undisputed testimony shows that the attorney had had other foreclosure suits in Saline County, and, when he did not attend the sale himself, he communicated with the clerk to bid the property in for his client, the plaintiff. But in this instance nothing was said to the clerk about it, and all he knew about the wishes of the attorney for the plaintiff was what he learned from the decree prepared by plaintiff's attorney.

There was some testimony that the land was worth $5 an acre. There were 71 acres, and, at $5 an acre, it would have brought $355. The testimony, however, also showed that the witnesses did not know of any sales of lands like this, and the undisputed testimony showed that farms in that section of the county had depreciated in value and many of them had been abandoned.

Plaintiff's attorney was not only out of the State, but the plaintiff was a nonresident and knew nothing about the sale. In the attorney's letter to the chancellor he did not make any request to postpone the sale and did not make any to the clerk, nor did he make any suggestion that his client wanted to buy or that the clerk should bid it in for his client. In fact he made no request or suggestion either to the chancellor or to the clerk about a postponement of the sale or a purchase or bid by his client. He had asked in the same letter for the postponement of several other cases, but made no suggestion about this case.

The court, of course, had a right to assume that, when he had prepared the decree, providing for a sale within ten days, had suggested the postponement of his other cases, and had given no direction at all about this sale, except what was in the decree prepared by him, he desired the sale made if the payment was not made within ten days. If there had been any misfortune or any unforeseen thing that prevented him from being present, or if there was any evidence of fraud on the part of the defendant or the purchaser, the chancellor would have been justified in setting aside the sale, but there was nothing of this sort. The chancellor heard the

testimony and confirmed the sale, although the testimony shows that the price was probably somewhat smaller than the actual value. The land was advertised and exposed to sale by the commissioner in accordance with the decree of the court.

This court has said:

"When a sale is made in all respects according to the terms of the decree, and neither fraud, mistake nor misrepresentation can be alleged against it, the faith of the court is pledged to ratify and perfect it. * * * There is a uniform current of decisions settling that official sales will not be opened on mere representations that more may be obtained for the property. This well-known practice is in accord with the policy of our law respecting such sales, which are required to be made after advertisement sufficient to give publicity, by public outcry, to the highest bidder. It is of the greatest importance to encourage bidding by giving to every bidder the benefit of bids made in good faith and without collusion or misconduct, and at least when the price offered is not unconscionably below the market value of the property. Nothing could more evidently tend to discourage and prevent bidding than a judicial determination that such a bidder may be deprived of the advantage of his accepted bid whenever any person is willing to give a larger price. The interest of owners in particular cases must give way to the maintenance of a practice which, in general, is in the highest degree beneficial." *George* v. *Norwood,* 77 Ark. 216, 91 S. W. 557, 113 Am. St. Rep. 143, 7 Ann. Cas. 171.

It has been repeatedly held by this court:

"That, where due and legal notice of the time, terms and place of a judicial sale of land has been given and there is no fraud and unfairness in the conduct of the sale, confirmation of it will not be refused on account of its being at a grossly inadequate price." *Frye* v. *Street,* 44 Ark. 502; *Wells* v. *Lenox,* 108 Ark. 366, 159 S. W. 1099, Ann. Cas. 1914D, 11; *Hershy* v. *Duvall,* 47 Ark. 93, 14 S. W. 469.

Again it has been held by this court:

"Mere inadequacy of price is not ground for setting aside a judicial sale, unless it is so gross as to raise a presumption of fraud or unfairness." *Gleason* v. *Boone,* 123 Ark. 523, 185 S. W. 1093.

The attorney for the plaintiff very probably intended to communicate with either the chancellor or the clerk, and either request that a bid be put in for his client or that the sale be postponed, but he neglected to do this. He says it was his usual practice, but does not give any reason why he failed to let the chancellor or clerk know what his wishes were in this case. He says that he thought the sale would not be made until he returned, and, although he did not say so, he probably overlooked the fact that he himself had provided in the decree he prepared for a sale within ten days from the date of the decree. If there had been any fraud or any unfairness proved it would have justified a refusal on the part of the court to confirm the sale. But, as there was none, the chancery court was correct in refusing to set aside the sale, and the decree is therefore affirmed.