STRAHAN *v.* THE ATLANTA NATIONAL BANK OF ATLANTA, TEXAS.

4-7259                                      176 S. W. 2d 237

Opinion delivered December 20, 1943.

*Johnson & Johnson,* for appellant.

*Head & Shaver,* for appellee.

McFADDIN, J. This appeal challenges the validity of an order confirming a foreclosure sale. On July 19, 1943, the chancery court of Little River county, Arkansas, (1) rendered judgments in favor of appellees, Atlanta National Bank and John Coates, against appellant, Joe G. Strahan, totaling in excess of $4,600; and (2) decreed a foreclosure of the mortgages executed to appellees by appellant on certain property, consisting of an oil well drilling rig, casing, machinery, etc., all then located near Wilton, in Little River county. The property was ordered sold to satisfy the said judgment, interests and costs; and the clerk was appointed commissioner, and the sale was directed to be held at the courthouse door. The appellant, Joe G. Strahan, had entered his personal appearance to the complaint and cross-complaint, and does not question the correctness of the decree. On Sep-

tember 4, 1943, the commissioner held the sale as directed, and all parties were present in person or by attorney, and the Atlanta National Bank purchased the property at a bid of $6,000.

The commissioner reported the sale to the chancery court for approval; and then appellant appeared by attorney and filed the following pleading against the report of sale:

"Comes the defendant, Joe G. Strahan, and for grounds of exceptions, says:

### One

"That the bid and offer of $6,000 for the complete well drilling unit is grossly inadequate and out of proportion to its intrinsic value which defendant alleges to be in excess of $10,000.

### Two

"That the purported sale was made by the commissioner at the east front door of the courthouse at Ashdown, Arkansas, as advertised, but the property was not present for bidders to view same, at the time of sale being located 7 miles north of Ashdown and was not and has never been in the custody of the commissioner for delivery.

"Wherefore, defendant prays that the report of sale be disapproved and the sale and all proceedings leading up to it be declared void."

On September 20, 1943, an order was made denying Strahan's exceptions, approving the commissioner's report of sale, and confirming the sale. Then appellant Strahan invoked the jurisdiction of this court. First, he filed, in this court, a petition for writ of prohibition (cause No. 7251) seeking to prohibit the chancery court from entering the order confirming and approving the sale because of the second ground mentioned in his exceptions. When this petition for writ of prohibition was denied, appellant Strahan filed this present appeal from the order approving and confirming the sale; and this appeal is cause No. 7259 in this court. The parties have raised the questions hereinafter discussed.

I. *The Delay Question.* The appellee has filed a motion in this court asking that this case be affirmed as a delay case under §§ 2776 *et seq.* of Pope's Digest. For practice on delay cases, reference is made to Supreme Court Procedure by C. R. Stevenson, pp. 59-60. In *Vaught* v. *Green,* 51 Ark. 378, 11 S. W. 587, Chief Justice COCKRILL, speaking for this court, announced the rule on delay cases to be that where it was necessary to examine the pleadings and abstract and weigh the testimony *pro* and *con* to see whether there was probable cause to justify the appeal, then the motion for affirmance as a delay case would not be granted. It is evident from this present opinion that the questions raised by appellant have given this court serious concern; and we therefore hold that this is not a delay case within the meaning of the rule.

II. *The Inadequacy of the Price.* In the chancery court appellant excepted to the report of sale on the ground that the price of $6,000 "is grossly inadequate and out of proportion to its intrinsic value, which defendant alleges to be in excess of $10,000." Inadequacy of price alone is insufficient to require a refusal of confirmation. This proposition was laid down in *Fry* v. *Stewart,* 44 Ark. 502, and followed in a long list of cases, a few of which are: *Nash* v. *Delinquent Lands,* 111 Ark. 158, 163 S. W. 1147; *Hawkins* v. *Jones,* 131 Ark. 478, 199 S. W. 549; *Knight* v. *Equitable Life Assurance Society,* 186 Ark. 150, 52 S. W. 2d 977; *Free* v. *Harris,* 181 Ark. 644, 27 S. W. 2d 510; *Martin* v. *Jirkovsky,* 174 Ark. 417, 295 S. W. 365; *George* v. *Norwood,* 77 Ark. 216, 91 S. W. 557, 113 Am. St. Rep. 143, 7 Ann. Cas. 171; in which last-named case it was said: "There is a uniform current of decisions settling that official sales will not be opened on mere representations that more may be obtained for the property." In the case of *Federal Land Bank* v. *Ballentine,* 186 Ark. 141, 52 S. W. 2d 965, we said: "It is of the greatest importance to encourage bidding by giving to every bidder the benefit of bids made in good faith and without collusion or misconduct, and at least when the price offered is not unconscionably below the market value of the property. Nothing could

more evidently. tend to discourage and prevent bidding than a judicial determination that such a bidder may be deprived of the advantage of his accepted bid whenever any person is willing to give a larger price. The interest of owners in particular cases must give way to the maintenance of a practice which, in general, is in the highest degree beneficial.''

In his brief appellant says that the rule, of mere inadequacy of price being insufficient to defeat a confirmation, has never been applied by this court in any cases except those involving real property; and we are asked to apply a different rule to personal property. But no authority is cited as to why any distinction should be made between real property and personal property in this regard; and we perceive no such distinction. The chancery court heard testimony of three witnesses for appellant who testified that the property was worth in excess of $10,000; and also heard testimony of three witnesses for appellees who testified that the property was only worth $5,500. It was a disputed question as to the value of the property, and the action of the chancery court in confirming the sale is in accordance with the preponderance of the evidence. So this contention made by the appellant is without merit.

III. *Property Not at Place of Sale.* The other exception of appellant to the report of sale was the fact that the sale was held at the courthouse door in Ashdown and the property (the drilling rig, etc.) was not present for bidders to view, but was located seven miles from the courthouse. This question came before us in the application for writ of prohibition, and we held there, and reiterate here, that the case of *Morrow* v. *McGregor*, 49 Ark. 67, 4 S. W. 49, settles this question adversely to the appellant. The commissioner's notice of sale described the property in detail, and stated the exact location. This was a judicial sale (see Annotation, 69 A. L. R 1194). Appellant and appellees were present at the sale, and the testimony showed that each of them knew all about the property. No prejudice resulted to anyone by reason of the property not being at the courthouse door. In fact, to have moved the property might have been to cause con-

siderable damage. We adopt here the language of Chief Justice COCKRILL in *Morrow v. McGregor:* "Excellent reasons may be given why personal property should be within the views of the bidders at a public sale, and it is therefore the policy of the law to require it; but we do not think it would be wise to carry this policy to the extent of declaring that it is so far beyond the power of the chancellor to dispense with the presence of the property as to render the action of the court a nullity."

We, therefore, hold that the chancery court had the discretion and authority to approve the sale under the facts in this case, and that the appellant's contention in this regard is without merit.

IV. *The Regularity of the Session of the Court.* The Little River chancery court meets in regular terms on the third Monday in May and November of each year; and appellant argues in this court that proper adjourning orders were not entered of record, and therefore the May term lapsed, and court was not regularly in session on September 20, 1943, when the order was made approving the sale. To support his allegations on this point, appellant attempts to secure a writ of certiorari out of this court to have such of the adjourning orders of the May, 1943, term, as appear of record, brought to this court for examination. Appellees move to quash the writ of certiorari; and further contend that the chancery court in the Sixth Chancery Circuit is always open by reason of Act No. 3 of 1939 and Act No. 417 of 1941. We find it unnecessary to pass on appellees' contentions about the chancery court being always open, because appellant did not raise in the trial court the question of the regularity of the session, and, therefore, cannot raise it here for the first time.

It is elementary law that: (1) lack of jurisdiction of the subject-matter cannot be waived and can be raised for the first time on appeal; (15 C. J. 844, 14 Am. Jur. 385, 21 C. J. S. 161, West's Arkansas Digest "Courts," § 37, § 24); but (2) lack of jurisdiction of the person can be waived and cannot be raised for the first time on appeal (15 C. J. 845; 14 Am. Jur. 386; 21 C. J. S. 162;

West's Arkansas Digest "Courts," § 25). We think the question of the regularity of the session of the court, as it arises in this case, was of the latter type, and was waived by failure to offer objections in the chancery court and cannot be raised here for the first time on appeal. The parties could, by consent, have gone to trial before the chancellor in vacation under § 2817 of Pope's Digest; and the chancery court, on reasonable notice, could have confirmed the sale in vacation even without consent (§ 2818, Pope's Digest); and until the question of the regularity of the session was presented to the court below, we must and do presume that the parties acted by consent; specifically since the transcript here fails to show any objection at the hearing on September 20, when the order of confirmation was made.

The record on appeal here shows that the chancery court met on September 20 in the courthouse in Little river county, Arkansas, that appellant appeared in person and with attorney, filed exceptions to the report of sale, testified and introduced evidence in an attempt to have the report of sale disallowed and the sale declared void; and then, from an adverse decision, appellant has prayed appeal to this court. Not the slightest question was raised in chancery court concerning the regularity of the session. On appeal in this court, appellant, for the first time, raises the question by seeking to show that no adjourning order appears of record to the effect that the chancery court had adjourned to September 20. If this question of the absence of adjourning order had been raised in the chancery court, then that tribunal could have examined its records, determined whether the clerk had failed to enter the order and supplied the omission by order *nunc pro tunc* if such an order was made; and if no such adjourning order was made, then the chancery court could have saved itself the hearing of many witnesses, as shown by the record here. The chancery court is a court of general equity jurisdiction. It is not to be toyed with by litigants having it try a cause and then later raising the question that it was not in session. Orderly procedure and fair respect to the chancery court compels us to hold that such a question

as the one here should have been raised in the chancery court and cannot be raised here for the first time on appeal.

There are many cases which hold that where the record shows on its face that the court rendering the order was convened at a time or place where its proceedings could not have been legal under any circumstances, then those proceedings are *coram non judice,* and absolutely void. Some of such cases are: *Lawson* v. *Pulaski County,* 3 Ark. 1 (17); *Brumley* v. *State,* 20 Ark. 77; *Scott* v. *State,* 22 Ark. 369; *Williams* v. *Reutzel,* 60 Ark. 155, 29 S. W. 374; *Belford* v. *State,* 96 Ark. 274, 131 S. W. 953; and see note in 23 Ann. Cas. 179. But these cases do not apply here, because in the case at bar the chancery court of Little River county, Arkansas, could have been in session at the courthouse on September 20, or the chancellor could have been hearing this matter in vacation.

Neither do cases like *Light* v. *Self,* 138 Ark. 221, 211 S. W. 369, 214 S. W. 746; or *Magnolia Petroleum Co.* v. *Saunders,* 192 Ark. 783, 94 S. W. 2d 703, apply here, because in those cases the question of the absence of the adjourning order was raised in the lower court, while in the case at bar, the absence of the adjourning order is raised for the first time on appeal.

In *Blagg* v. *Fry,* 105 Ark. 356, 151 S. W. 699, a special chancellor tried the cause, and on appeal it was insisted— for the first time—that the regular chancellor had no right to withdraw. In disposing of the contention, this court, after citing *Sweeptzer* v. *Gaines,* 19 Ark. 96, said: "Both appellees and appellants were present at the trial of the cause in the chancery court, and, so far as the record discloses, no objection was at any time or in any manner made to the special chancellor acting as judge in the case. This court will not now for the first time hear such an objection. As held in the case of *Sweeptzer* v. *Gaines, supra,* in order to be available here, the power and authority of a special chancellor must have been questioned in the chancery court." Likewise, in *Gordon* v. *Reeves,* 166 Ark. 601, 267 S. W. 133, on appeal,

the contention was made—for the first time—that the agreement of the judges for exchange of circuits was not entered on the record as provided by statute; and this court, in refusing the contention, said: "There was no question raised below as to the regularity of the agreement for exchange of circuits between Chancellor LeCroy and Chancellor Martineau, and the authority of the latter to hold the court cannot be questioned here for the first time, the presumption being indulged conclusively that the exchange was regular and in compliance with the statute." We think the analogy is clear between these last two cited cases and the case at bar; and we therefore hold that appellant cannot raise here—for the first time—the question of the regularity of the session of the chancery court.

On the whole case, we find no error, and the order of the chancery court is affirmed.