4-8405 208 S. W. 2d 990

Opinion delivered March 1, 1948.

*W. W. Bandy,* for appellant

Robins, J. Appellants ask us to reverse two orders of the chancery court—one order refusing to set aside a decree rendered by a special chancellor and the other refusing to rehear the case.

There is no dispute as to the facts.

Byers and his wife, appellees, brought suit in circuit court against E. E. Harris and his wife who are the appellants, for possession of certain lands. Byers and wife prevailed on trial before a special judge of the chancery court, to which the case had been transferred. Harris and wife appealed to this court, asserting that the decree was not responsive to the evidence. The decree was affirmed by us on November 18, 1946. See *Harris* v. *Byers,* 210 Ark. 695, 197 S. W. 2d 730.

On petition for rehearing filed by appellants in this court on December 5, 1946, appellants, for the first time, raised the question of the lack of authority on the part of the special chancellor. This petition was overruled by us.

On November 30, 1946, appellants filed motion in the chancery court asserting that Hon. E. L. Westbrooke, the

special chancellor who heard and decided the cause, was not authorized to render the decree, which was dated November 30, 1945, though not entered on the record until in March, 1946. Afterwards motion, requesting that the case be submitted to and tried by the regular chancellor, was filed by appellants. In this motion they alleged that Hon. Francis Cherry, the regular chancellor, who had been away in military service, returned and resumed his duties as such chancellor on December 1, 1945. The lower court refused to set aside the decree of the special chancellor and refused to permit a retrial.

Appellants cite our opinion in the case of *Cates* v. *Wunderlich,* 210 Ark. 724, 197 S. W. 2d 482, as authority for their contention herein. In that case we held that a decree rendered by Judge Westbrooke, but not entered of record until some days after Judge Cherry resumed his duties, was void. But in that case the power of Judge Westbrooke to render and cause to be entered the decree was challenged at the time the decree was entered, and the same question was duly raised on appeal here.

In the early case of *Sweeptzer* v. *Gaines,* 19 Ark. 96, the authority of the special judge who had presided below was questioned in the Supreme Court for the first time. Disallowing this contention, this court in that case said: ''Hence, the rule long since established by the decisions of this court, to be extracted from the various cases, that in order to present any question of that sort for revision here, the power and authority of the special judge must have been questioned in the court below, and the grounds of the objection stated in the record.'' Authorities supporting this rule are set forth in the concurring opinion of Judge HART in the case of *Gordon* v. *Reeves,* 166 Ark. 601, 267 S. W. 133; and while Judge HART expressed the fear that the majority opinion in that case impaired somewhat the force of this rule, we do not find that it did so.

We said in the case of *Strahan* v. *The Atlanta National Bank of Atlanta, Texas,* 206 Ark. 522, 176 S. W. 2d 236: ''In *Blagg* v. *Fry,* 105 Ark. 356, 151 S. W. 699, a

special chancellor tried the cause, and on appeal it was insisted—for the first time—that the regular chancellor had no right to withdraw. In disposing of the contention, this court, after citing *Sweeptzer* v. *Gaines,* 19 Ark. 96, said: 'Both appellees and appellants were present at the trial of the cause in the chancery court, and, so far as the record discloses, no objection was at any time or in any manner made to the special chancellor acting as judge in the case. This court will not now for the first time hear such an objection. As held in the case of *Sweeptzer* v. *Gaines, supra,* in order to be available here, the power and authority of a special chancellor must have been questioned in the chancery court'."

In the case at bar no objection whatever to the authority of the special chancellor was made in the lower court when the suit was tried and the decree rendered, nor did appellants make any objection in this court to the authority of Judge Westbrooke until after the cause had been heard by us *de novo* and the decree rendered by Judge Westbrooke had been affirmed by us on its merits. We refused to sustain appellant's objection to Judge Westbrooke's authority raised in their petition for re-hearing.

It was certainly too late, after the case had been thus disposed of in the lower court and in this court, for appellants to renew their challenge to Judge Westbrooke's authority.

The decree of the lower court is affirmed.