Boyd *v.* Matthews.

5-3484                                                 388 S. W. 2d 102

Opinion delivered March 8, 1965.

[Rehearing denied April 12, 1965.]

*John G. Moore,* for appellant.

*Ike Allen Laws, Jr.,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal involves rulings of the Probate Court arising in the administration of the estate of Wilson R. Sproles, who died intestate,. a resident of Pope County, Arkansas, on July 1, 1961.

Mr. Sproles was survived by two living sisters and a number of nieces and nephews and one grand-nephew, being the descendants of five deceased brothers and/or sisters who had predeceased Mr. Sproles. Thus, the estate is to be divided into seven principal shares, five of which are subdivided among the descendants of the deceased brothers and/or sisters.

On proper petition the Probate Court of Pope County on July 7, 1961, issued letters of administration to E. C. Bradley (husband of Mrs. Ethel Bradley, a living sister of the deceased), and to A. O. Matthews (husband of Mrs. Esther Matthews, a living sister of the deceased). The inventory of the estate was filed on January 18, 1962, and showed, after payment of all claims except the one of Ada Boyd here involved:

"Land per inventory not needed for
payment of debts vested in heirs
*per stirpes*                                            $15,200.00
Cash and personal property                      10,444.05."

From the cash on hand the Probate Court directed the payment of administrators' fees, attorneys' fees, and court costs (all totalling approximately $1,600.00), and on June 1, 1962, the administrators distributed to the

heirs in cash an amount in excess of $8,300.00 and prayed that the estate be closed.

There was pending the claim of Ada Boyd for $2,-638.47; and on September 7, 1962, the Probate Court disallowed this claim as not having been presented in due time; and the Probate Court ordered the estate closed and that the administrators distribute the remaining balon hand of $160.00. This said order closing the estate was made by the Honorable W. W. Bean, the Probate Judge. His term expired and he was succeeded by Honorable Richard Mobley as regularly elected Probate Judge. The administrators thought the probate estate was closed; but Mary Boyd and Ada Boyd subsequently filed a motion that the order of September 7, 1962 be set aside and that the estate be reopened.

Even though the said motion remained pending the heirs took charge of the real estate and proceeded to have a partition suit; and in that partition suit (appealed to this Court in Case No. 3486 this day decided by us) the Chancellor on exchange (Honorable Paul X. Williams) ordered the administrators to go back to the Probate Court and dispose of the motion of Ada Boyd pending therein before the Chancery Court would complete the partition proceedings. The Chancellor on exchange then presided over the Probate Court, and on June 10, 1964, heard and denied the motion and execeptions. E. C. Bradley had departed this life and A. O. Matthews, really in his capacity as trustee for the owners of the real estate, had received since the closing order of 1962 an amount of $200.00 as oil and gas lease rentals on the land. The Probate Judge directed that this amount be paid by A. O. Matthews to the Clerk of the Chancery Court to go with the proceeds of the sale of the land to be distributed to the heirs in the partition suit.

From the said order of June 10, 1964, Ada Boyd, alone, brings this appeal and urges six points:

I.   The Court erred in holding the several accounts filed by the Administrators to be correct and in approv-

ing them especially the order of September 7, 1962 shows that administration of the estate had not been completed.

"I. The Court erred in directing the Administrator, or Trustee A. O. Matthews, to turn over to the Chancery Clerk the oil lease rental received by him for the estate.

"III. The Court erred in approving the sale of the jewelry to the wives of the Administrators, when a like amount had been bid by someone else.

"IV. The Court ordered that the $160.00 be distributed to the various distributees in the estate, and then dismissed the co-administrators and their bondsmen in the same order. This was error.

"V. The Court erred in approving the disallowance of the claim of Ada Boyd for the sum of $2,638.47 without hearing testimony as to the validity thereof.

"VI. All orders made by Judge Paul X. Williams in the Probate Court are void for want of jurisdiction or authority to act, no exchange agreement having been executed and recorded as provided by law."

First we will discuss appellant's sixth point, which relates to the absence from the transcript of an exchange agreement between the regular Probate Judge, Honorable Richard Mobley, and the presiding Probate Judge, Honorable Paul X. Williams, who made the order of June 10, 1964, here challenged. The record before us does not contain any exchange agreement between the Honorable Richard Mobley, the regular Probate Judge, and Honorable Paul X. Williams, the presiding Judge. Because of the absence of such agreement from the record, the appellant insists that all of the proceedings of June 10, 1964, are void, but the record before us does not show that any such contention was made in the Probate Court on June 10, 1964, or at any other time. In designating the record the appellant, Ada Boyd, listed seven points on which she claimed error; and this absence of the exchange agreement was not one of those points. In short, the point is raised in this Court for the first time.

Our holding in *Gordon* v. *Reeves,* 166 Ark. 601, 267 S. W. 133, is directly in point and is ruling here. We there said:

"There was no question raised below as to the regularity of the agreement for exchange of circuits between Chancellor LeCroy and Chancellor Martineau, and the authority of the latter to hold the court cannot be questioned here for the first time, the presumption being indulged conclusively that the exchange was regular and in compliance with the statute."

*Gordon* v. *Reeves* has been cited with approval in subsequent cases on this point, some of which are: *Strahan* v. *Atlanta Bank,* 206 Ark. 522, 176 S. W. 2d 237; and *Harris* v. *Byers,* 212 Ark. 1026, 208 S. W. 2d 990. We find no merit in appellant's sixth point.[1]

Appellant's fifth point relates to the disallowance of the claim of Ada Boyd. She was one of the distributees of the estate (being a niece of the decedent), and had also filed a claim of $2,638.47 claimed to be due her for rent of an apartment by decedent. The claim was resisted by the administrators as not having been filed within the time and manner required by statute (Ark. Stat. Ann. §§ 62-2601 and 62-2604 [Supp. 1963]). Evidence was heard by the Probate Court on this resistance on April 9, 1962, and resulted in an order of that date disallowing the claim. The only evidence in the record now before us is the evidence given at that hearing on April 9, 1962. Ada Boyd prayed an appeal to the Supreme Court from the 1962 order, but never perfected the appeal. She contented herself with a motion to set aside the order disallowing her claim. When the Court, in September 1964, refused to set aside the order disallowing her claim, she now appeals from that order as well as the one of 1962. Of course, she is too late to appeal from the order of April 9, 1962, because an order disallowing a claim is a final and appealable order. *Southern Furn. Co.* v. *Morgan,* 214 Ark. 182, 214 S. W. 2d 905. Her time for appeal has long since expired. Furthermore, Ada Boyd has not shown that the Probate Court committed error in its 1964

---

[1] In this connection we call attention to Ark. Stat. Ann. § 22-342 (Repl. 1962).

order wherein the Court refused to set aside the 1962 order; so we find no merit in appellant's fifth point.

We now consider appellant's Points 1 to 4, inclusive. As aforesaid, appellant is a distributee of the estate of Wilson Sproles. The record shows that she is entitled to one-third of one-seventh of the estate. As such distributee she urges these four points which relate to the orders of the Probate Court in regard to the administration of the estate. We find that Ada Boyd has failed to establish any error committed by the Probate Court adverse to her rights in any of these matters.

(a). In the order of September 7, 1962, the Court closed the estate and directed the administrators to distribute the balance on hand. Of course, the balance on hand should have been distributed and so reported before the estate was closed; but the error in this regard was cured by the order of June 1964 which showed full disposal of all assets.

(b) After the order of September 7, 1962 closing the estate, Mr. E. C. Bradley died. Mr. Matthews, who had been the other administrator, continued as a sort of trustee for the heirs to receive delay rental money from an oil and gas lease on the land. The Court had never directed the administrators to take charge of the land.[2] Since the administrators' inventory of July 27, 1961, showed the lands had been delivered to the heirs, this delay rental money belonged to the heirs as co-tenants of the land. In July 1964, when Mr. Matthews informed the Probate Court that he had some delay rental money, the Probate Court ordered him to pay it into the Registry of the Chancery Court wherein the partition suit was pending. Certainly no prejudice resulted to Ada Boyd in this order. Mr. Matthews was a trustee for the co-tenants in receiving the money and the partition suit was the proper place for such trust money.

(c) Appellant's third point has given us considerable concern. The decedent, Mr. Sproles, had two rings

---

[2] See Ark. Stat. Ann. § 62-2401 (1947); *Cranna* v. *Long,* 225 Ark. 153, 279 S. W. 2d 828; and *Calmese* v. *Weinstein,* 234 Ark. 242, 351 S. W. 2d 437.

and a stickpin. On August 16, 1962, the Court entered the following order regarding these items:

"Now on this 16th day of August, 1962, comes on for hearing the petition of E. C. Bradley and A. O. Matthews, co-administrators of the estate of Wilson R. Sproles, deceased, asking that they be allowed to sell the following property of the estate:

"Diamond stickpin—to Mrs. Esther Matthews for $50.00.

Diamond Solitaire ring—to Mrs. Ethel Bradley for $50.00.

Diamond wedding ring—to Mrs. Ethel Bradley for $25.00.

"The court being well and sufficiently advised in the premises doth order:

"That the co-administrators give notice by copy of this order to the persons interested in the estate of Wilson R. Sproles, deceased, by ordinary mail. That if no objection is filed in this cause to the sales accompanied by a deposit of cash for a greater amount than those set forth above within fifteen (15) days from this date, that petitioners sell the articles and take credit therefor upon their accounting."

No higher bid was received by the administrators, although Ada Boyd says she later offered the same amount for the three items. She now complains that her aunts purchased these family keepsakes instead of allowing her to purchase them. Even though the entire matter was handled with full knowledge of the Probate Court, nevertheless this point has given us serious concern. We have held an executor or administrator cannot buy at his own sale, and the spouse of such person cannot buy.[3] In some jurisdictions there are exceptions to this, as where (a) only personal property is concerned; or (b) where the executor or administrator is himself an

---

[3] *Gibson* v. *Herriott*, 55 Ark. 85, 17 S. W. 589; *Crider* v. *Simmons*, 192 Ark. 1075, 96 S. W. 2d 471. § 62-2708 Ark. Stats. does not apply here.

heir and the sale is not to pay debts but to make a distribution.[4] Regardless of all these exceptions, we prefer to adhere to our well recognized rule that an executor or administrator cannot purchase at his own sale and his spouse cannot purchase either.

However, it will be noticed, here, that the sale was made and approved on August 16, 1962; and this appeal was not filed in this Court until October 6, 1964. If Ada Boyd had appealed within due time from the 1962 order we probably would have ordered a resale; but, as previously stated, Ada Boyd has waited too late to raise this point. The proceeds of the sale have been distributed by order of the Probate Court and, for all that this record shows, Ada Boyd has accepted her part of the proceeds of the sale; so, all things considered, we find no merit in this point at this late date.[5]

(d) Appellant's fourth point is likewise without merit. In September 1962 the Court closed the estate and at the same time ordered the administrators to distribute the $160.00 on hand. As previously stated, whatever error might have been in this order was cured by the order of 1964, and appellant in continually reiterating the point is only raking over old ashes.

Affirmed.

---

[4] See 21 Am. Jur. p. 733, "Executors and Administrators" § 625; 34 C.J.S. p. 563, "Executors and Administrators" § 599; and 24 C.J. p. 219, "Executors and Administrators" § 738.

[5] We express no opinion as to whether a suit might have been brought in equity, as was done in *Crider* v. *Simmons*, 192 Ark. 1075, 96 S. W. 2d 471.