## ST. LOUIS & ARKANSAS LUMBER & MANUFACTURING COMPANY

### v. GODWIN.

### Opinion delivered January 27, 1908.

1. JUDICIAL SALE—FAILURE TO APPROVE DEED—EQUITABLE TITLE.—If a commissioner's deed in the form prescribed by statute be ineffectual to convey the legal title because it was never examined and approved by the court, as required by Kirby's Digest, § 6323, although the sale was duly confirmed and the commissioner directed to execute a deed, the purchaser nevertheless acquired an equitable title which he or his grantee may assert as a defense in a suit against him for the land. (Page 374.)

2. SAME—INNOCENT PURCHASER.—A *bona fide* purchaser of land takes title free from any equities existing *in pais* against his grantor of which he had no actual notice. (Page 375.)

3. TRUST—ENFORCEMENT—LACHES.—A trust will not be enforced against a purchaser of land at tax sale and his grantees, in the absence of any concealment of the facts, where the suit to enforce such trust was not commenced until 17 years after the sale, after the land had greatly enhanced in value, and had been twice conveyed to innocent purchasers for value, who had continuously paid taxes thereon. (Page 375.)

Appeal from Desha Chancery Court; *Zachariah T. Wood,* Judge; reversed.

E. M. Godwin, as widow of Allen Godwin, joined with his children in suing the appellant to remove a cloud upon their title. They recovered judgment, from which defendant has appealed. The facts sufficiently appear in the opinion.

*F. M. Rogers,* for appellant.

1. Appellees are barred by laches. For over 20 years they have taken no action, permitting the land to be conveyed from one to another, and, after it came to appellant, remained silent while it removed the timber of $5,000 in value, taking no step to protect themselves· from loss or to minimize the damage inflicted upon them. 148 U. S. 360; 81 Ark. 432. In cases of implied trust, lapse of time is a complete bar, both in law and equity. 120 U. S. 397.

2. While the complaint alleges that Reynolds, at the time of his purchase at the overdue tax sale, was the agent of Godwin, it does not allege that appellant had notice of such agency at the time it purchased. The *onus* of proving notice was upon appellees. 29 Ark. 568; 31 Ark. 89; 41 Ark. 292.

The court erred in holding that the deed of Ross, commissioner, to Reynolds had never been approved, and therefore passed no title, and in holding that appellant was not an innocent purchaser, as it had notice that that deed had never been approved. True, the words "presented in open court, examined and approved" are not indorsed on the deed, but the decree recites the confirmation of the sale, and that is sufficient. The complaint does not attack the *sale* on which the deed was based.

*J. W. Dickinson,* for appellees.

The plea of laches is unavailing in this case. There can be no laches where fraud has been committed and confidential relations violated.

It is elementary that an attorney and agent, while acting as such, can only buy his client's property in trust for him.

Appellant and its grantor were chargeable with notice that the commisisoner's deed to Reynolds was not confirmed, and hence passed no title.

For authorities on fraud, etc, see 26 Ark. 604; *Id.* 445; *Id.* 344; 41 Ark. 264; 1 Story, Eq. Jur. § 465; *Id.* § § 321-2; Adams, Eq., 50, 60; 20 Ark. 381; 23 Ark. 622; 35 Ark. 483; 33 Ark. 425; 47 Ark. 533; 53 Ark. 191; 57 Ark. 351; 42 Ark. 531; 27 Ark. 77. On notice: 35 Ark. 103; 53 Miss. 701; 20 Ind. 40; 26 Ind. 333; 4 Little (Ky.) 317; Wade on Law of Notice, § 330; *Id.,* 2 Ed, § 17; 50 Ark. 327; 29 Ark. 650; 2 Lead. Cas. in Eq., 101. On confirmation: Kirby's Dig. § 6323; 34 Ark. 346; 69 Ark. 119; 38 Ark. 78; 19 Ark. 233.

McCulloch, J. This is a suit in equity instituted by the appellees, E. M. Godwin as widow and the children of one Allen Godwin, deceased, against appellant to remove an alleged cloud on their title to certain lands in Desha County.

Allen Godwin was originally the owner of the lands in controversy, and the same were sold to D. H. Reynolds under a decree of the chancery court in an overdue tax proceeding. The commissioner of the court conveyed the lands to Reynolds, and he conveyed the same to one Smith, who in turn sold and conveyed them to appellant for a valuable consideration, recited in the deed. It is alleged in the complaint that, at the time of the sale of the land under the decree and the purchase by Reynolds, he was agent of the said Godwin, and was charged with the duty of paying the taxes upon the land, and that he had in his hands funds furnished him by Godwin with which to pay the taxes. An attack is also made on the conveyance to Reynolds on the ground that the same was executed and delivered by the commissioner to said purchaser without the examination and approval of the court indorsed upon the deed.

The statute authorizing proceedings in chancery courts to enforce the payment of overdue taxes (Acts of 1881, page 63, § 15) prescribes the form of the deed to be executed by the commissioner, and provides that, after confirmation of the sale and the expiration of the period for redemption, the commissioner shall execute a deed to the purchaser in the manner provided

by law in cases of sales in other chancery proceedings. The statute regulating the execution of deeds by commissioners in chancery is as follows: "A conveyance by a commissioner shall not pass any right until it has been examined and approved by the court, which approval shall be indorsed on the conveyance and recorded with it." Kirby's Digest, § 6323. The conveyance was in the precise form prescribed by the statute. Conceding that the conveyance executed and delivered without the examination and approval of the court was ineffectual for conveying the legal title, the sale and confirmation passed the equitable title to the purchaser. The sale was duly confirmed by the court by an order entered of record. An order was also entered directing the commissioner to execute a deed, and the purchaser was and is entitled, as a matter of right, to a conveyance in the form prescribed by the statute, examined and approved by the court. Having the equitable title, either the purchaser or his grantee can assert it as a defense in a suit against him for the land. *Daniel* v. *Garner,* 71 Ark. 484; *Gates* v. *Gray, ante* p. 25.

The alleged defect in the commissioner's deed to Reynolds was therefore not available to the appellees. They are not entitled to have the sale and conveyance cancelled on account of this defect.

There is evidence tending to show that Reynolds, who died before the commencement of this suit, was the agent of Godwin, and had funds in his hands with which to pay the taxes. It is, however, affirmatively shown that appellant purchased the lands and paid a valuable consideration therefor without any notice of Reynolds's agency or of any other defect in the title. Appellant was charged with notice of the alleged defect in the deed which was in his chain of title, but not of matters *in pais,* which affected the validity of the sale. Appellant was therefore an innocent purchaser, and its title cannot be defeated by proof of improper conduct of his grantor toward the original holder of the title. An innocent purchaser takes title free from such equities.

Appellees are also barred by laches from maintaining this suit. *Osceola Land Co.* v. *Henderson,* 81 Ark. 432; *Turner* v. *Burke,* 81 Ark. 352. The proof shows that this suit was not commenced until 17 years after the purchase by Reynolds, and

14 years after the execution of his deed. In the meantime, the lands were greatly enhanced in value, and had been twice conveyed to innocent purchasers for valuable considerations, who continuously paid taxes for many years. If it be true that Reynolds was the agent of Godwin for the purpose of paying taxes and violated his trust by purchasing the lands, Mrs. Godwin was advised of that fact many years before the commencement of this suit, for she is the only person who testifies to those facts, and says that she and her husband knew of Reynolds's purchase before the death of Godwin. Under such circumstances, equity forbids that the title of an occupant should be disturbed.

Reversed and remanded with directions to dismiss the complaint for want of equity.