## NIX *v.* KIRKLAND.

### Opinion delivered March 21, 1927.

1. FRAUD—EVIDENCE.—Evidence *held* to support a finding that a valuation of $4,000 put on land by the owner at the time of exchanging it for other land was not fraudulent, though the land subsequently sold for less than $2,000.

2. FRAUD—RELIANCE ON REPRESENTATION.—One who, in negotiating for an exchange of lands, had his own agent to make inspection and report as to its value, cannot complain of fraudulent misrepresentation as to such value by the other party, since he did not rely upon such representations.

3. EXCHANGE OF PROPERTY—DEFICIENCY JUDGMENT ON FORECLOSURE.—In an exchange of lands, one who transferred an equity in land and $2,000 which he borrowed, giving a mortgage on the land which he transferred, *held* not entitled to personal judgment against the transferee, who took subject to the mortgage, for an amount of a deficiency judgment against the former when the land was subsequently sold to satisfy the mortgage.

Appeal from Arkansas Chancery Court, Northern District; *H. R. Lucas,* Chancellor; reversed in part.

*T. W. M. Boone* and *John L. Ingram,* for appellant.

*A. M. Dobbs,* for appellee.

HUMPHREYS, J. Appellant owned property in Fort Smith, Arkansas, consisting of equities, notes and unincumbered lands, of the total value of $4,000.

Appellees owned a farm of 80 acres near Stuttgart, Arkansas, valued at $4,000, upon which a loan had been

approved for $2,000 by the Missouri Life Insurance Company. Negotiations for an exchange of the properties were commenced between said parties on February 26, 1923, and agreed upon the next day, provided appellees could complete the loan and would pay appellant the money which they procured and convey the farm to him subject to the mortgage.

Appellant required appellee, Frank Kirkland, to make an affidavit as to the value of the farm, which he did, placing the value at $4,000.

On the night of the 27th appellant telephoned to J. W. McCuen, at Little Rock, to go over and inspect the farm. He paid McCuen's expenses. McCuen made a report to him. On February 28, 1923, deeds carrying out the exchange were executed and placed in escrow in the First National Bank, Fort Smith. The deeds were delivered on March 14, 1923. The proceeds of the loan, amounting to $2,000, were paid by appellees to appellant on April 13, 1923. The interest on the mortgage loan to the Missouri Insurance Company fell due in January, 1924, and appellant carried on quite a correspondence with the company in an effort to get it to include the interest and make a new loan on the farm. The effort proved futile. Appellant then sold his equity in the farm to Fred W. Loy for $100. On February 24, 1925, the Missouri Life Insurance Company instituted foreclosure proceedings against the farm, and asked for a personal judgment against appellees, J. F. and Annie L. Kirkland. It made appellant, Fred Loy, his grantee, and S. Kirkland, to whom appellees executed a gas and oil lease, parties defendant. No defense was interposed to the foreclosure suit. Appellees filed a cross-complaint against appellant, seeking to recover any deficiency judgment they might have to pay, in the event that the farm did not sell for enough to pay the mortgage debt. Appellant filed an answer to the cross-bill of appellees, denying liability on account of any deficiency judgment, and a cross-bill against him for $2,000 damages on account of

alleged fraud and deceit practiced upon him in the exchange of properties. Fred W. Loy and S. Kirkland filed disclaimers of any interest in the farm.

The mortgage was foreclosed, and the farm ordered sold to satisfy the mortgage indebtedness. The sale was made pursuant to the order, but the amount realized was insufficient to pay the indebtedness, the deficiency amounting to $470.78, which appellees paid.

The issues between appellant and appellees arising out of their respective cross-bills and answers were submitted to the court upon the testimony introduced by each, which resulted in the dismissal of appellant's cross-bill for want of equity and a judgment in favor of appellees on their cross-bill for payment of $470.78, the amount of the deficiency judgment appellees were compelled to pay to the Missouri Insurance Company, from which is this appeal.

Appellant contends for a reversal of the decree on the ground that the weight of the testimony discloses that he was defrauded .by appellee, Frank Kirkland, in the exchange of the properties in the sum of $2,000. The only possible support in the testimony for such a contention arises out of the value placed on the farm in the affidavit made by Frank Kirkland. Frank Kirkland is strongly supported as to the value he placed upon the farm by the loan which was negotiated at the time the deal was made. The Missouri Insurance Company did not make loans upon real estate for over 50 per cent. of the value thereof. It loaned $2,000 upon this farm after appraisement. Several other witnesses testified that the farm was worth $4,000 at the time the deal was made. It is true that a number of witnesses testified that the farm was not worth $4,000 at that time, and, when sold under mortgage, it did not bring as much as $2,000. We are not inclined to attach much importance to the last circumstance, because property often brings much less than its actual or market value at forced sale. Values upon real estate are largely

matters of opinion. We are unable to say, after a careful reading and consideration of the testimony, that the finding of the chancellor was contrary to a clear preponderance of the evidence upon this point. There is another reason, however, why the chancellor was correct in dismissing appellant's cross-bill against appellees. Appellant did not rely upon the statement contained in the affidavit of Frank Kirkland. He telephoned to his agent at Little Rock to inspect the property, and received a report from him before the deeds were finally delivered. Even if deceit and fraud had been practiced upon him in the exchange of the property, he must have relied upon the representations in consummating and completing the deal before he could recover damages.

Appellant also contends for a reversal of the deficiency judgment of $470.78 rendered against him in favor of appellees by way of subrogation to the alleged rights of the Missouri Insurance Company. The Missouri Insurance Company had no right to recover against appellant on account of the mortgage indebtedness. It did not ask for a personal judgment against him, although he was made a party defendant to its suit. The farm was purchased by appellant from appellees subject to the mortgage. The deed so recited. If Kirkland had purchased the mortgage from the Missouri Insurance Company and had attempted to foreclose the same upon the theory that the loan was procured by appellant through them, they could not have recovered a personal judgment against him, for the reason that the $2,000 obtained on the mortgage was a part of the consideration paid by them for the Fort Smith properties. According to the records, appellees obtained $4,000 or more out of the Fort Smith properties. The effect of the exchange was that appellees paid $2,000 in cash and an equity in the farm for Fort Smith properties of the value of $4,000. Having gotten $4,000 out of the Fort Smith properties, they certainly could not be heard to say they were also entitled to a personal judgment against appel-

lant for $2,000 which they paid as a consideration for the Fort Smith properties. Appellees argued that this deficiency judgment must be affirmed under the doctrine announced in the case of *Kay* v. *Castleberry*, 99 Ark. 619, 139 S. W. 645. The facts in the instant case are materially different from the facts in the Kay case. In the Kay case an even exchange of properties was made. After the deal was closed, Castleberry, at the request of Kopelman, his grantee, negotiated a loan of $3,000 on property he had traded to Kopelman, and Castleberry and his wife signed the notes and mortgage for the loan. Kopelman received the money, which amount was in addition to the consideration in the deal and not a part of the consideration for the deal, as in the instant case.

The trial court committed reversible error in rendering a personal judgment against appellant on the crossbill of appellees. The decree is therefore affirmed in dismissing appellant's cross-bill against appellees, and reversed in adjudging a deficiency judgment in favor of appellees against appellant in the sum of $470.78.