WOODROW *v.* RIVERSIDE GREYHOUND CLUB, INC.

4-4280

Opinion delivered May 25, 1936.

*Harrison, Smith & Taylor,* for appellants.

*N. F. Lamb, Chas. D. Frierson, Charles Frierson, Jr.,* for appellees.

JOHNSON, C. J. On February 28, 1935, E. E. Fox and wife for a recited consideration of $650, conveyed to L. D. Landers the "Harahan Racing Park" which is a small acreage tract of land situated on the west bank of the Mississippi River in Crittenden county, Arkansas, and immediately adjacent to the city of Memphis, Tennessee. For the purposes of this opinion it is not necessary to describe this tract of land by metes and bounds. The granting clause of this deed of conveyance reads as follows:

"That we, E. E. Fox, of Columbus, county of Franklin, State of Ohio, and Frances M. Fox, his wife, for and in consideration of the sum of six hundred and fifty and 00/100 ($650.00) dollars, of which three hundred and fifty ($350) dollars, was paid in cash, the receipt of which is hereby acknowledged, and one promissory note of even date, in the sum of three hundred ($300) dollars, being due and payable on or before the 28th day of August, 1935, by L. D. Landers, the said E. E. Fox, and wife, Frances M. Fox, do hereby grant, sell and quitclaim unto the said L. D. Landers all of their right, title and interest, in and to the following lands lying in Crittenden County, State of Arkansas, to-wit:"

Subsequent to the delivery of said deed the appellants here, John A. Woodrow, Shirley J. Cowing, John Mackler and J. H. Ellis instituted this suit in the Crittenden Chancery Court against L. D. Landers, Mabel Landers, Riverside Greyhound Club, E. E. Fox, Frances M. Fox, R. V. Wheeler and George H. Partin, appellees here, the purpose of which was to obtain a decree declaring appellees trustees of said tract of land instead of owners in fee as they appear to be of record.

Generally, it was alleged by appellants that the Landers, Wheeler and Partin entered into a conspiracy the purpose of which was to acquire by fraudulent means

and methods the "Harahan Racing Park" property. Specifically the complaint alleged that appellants are the owners in fee of said property and that E. E. Fox held the naked legal title thereto; that the Landerses, Wheeler and other appellees well knew of the limitations upon Fox's title at the time of the conveyance first mentioned and purchased subject to the trust relation; that as an inducement and procuring cause of said purchase and sale Partin falsely, fraudulently and corruptly represented to Fox that the property had been sold for State and levee taxes and that the time for redemption thereof had long since expired; that said representations were knowingly and wilfully false and untrue and were made for the purpose and did induce Fox to execute said deed. Other things are alleged by appellants, but the above will suffice to show the trend of the issues joined.

By joint and separate answers all the material allegations of the complaint were put in issue. The appellees, Riverside Racing Club, Landers and Wheeler affirmatively pleaded that they and each of them were and are innocent purchasers for value of said tract of land and without notice of any trust relation between Fox and appellants at the time of the purchase.

Upon testimony adduced by the parties the chancellor dismissed appellants' complaint for want of equity from which this appeal comes.

We have concluded that the chancellor was correct in dismissing the complaint for the following reasons: first, that appellees Riverside Greyhound Club and the Landerses by their respective purchases from Fox occupy the position of innocent purchasers for value without notice of appellant's asserted rights. This conclusion is impelled because the law is well settled in this State, as well as elsewhere, that one who purchases property in good faith and pays a valuable consideration therefor without notice of secret equities becomes the owner thereof. *Green* v. *Clyde*, 80 Ark. 391, 97 S. W. 437; *St. Louis & Ark. Lbr. & Mfg. Co.* v. *Godwin*, 85 Ark. 372, 108 S. W. 516; *Davis* v. *Harrell*, 101 Ark. 230, 142 S. W. 156. This rule is also applicable as against the beneficiary of a secret trust in real estate. *Rubel* v.

*Parker,* 107 Ark. 314, 155 S. W. 114; *Bragg* v. *Hartney,* 92 Ark. 55, 121 S. W. 1059; *The Calais Steamboat Co.* v. *Scudder,* 67 (2 Black) U. S. 372.

The only contradiction in the testimony that Landers purchased the tract of land from Fox upon the faith of Fox's record title is that Fox claims that Partin, who acted as Landers' agent in the purchase and sale, knew all about Fox's title and appellants' trust agreement. Partin denied in his testimony that he knew anything about the alleged trust relation between appellants and Fox at the time of the purchase. This suffices to show that the chancellor's finding that Landers is an innocent purchaser for value is not against a preponderance of the testimony and under repeated opinions of this court cannot be overturned on this appeal. *Harlan* v. *Edwards,* 182 Ark. 1185, 31 S. W. (2d) 127; *Jackson* v. *Banks,* 182 Ark. 1185, 33 S. W. (2d) 40; *Menees* v. *Strickland,* 183 Ark. 1153, 34 S. W. (2d) 772.

But appellants contend that Landers' grantee, the Greyhound Racing Club, is in no event an innocent purchaser for value because, as it is argued, that R. V. Wheeler, its president, conveyed an undivided one-half interest in said property to Fox in 1927; that Wheeler held the title in trust and thereby knew that his conveyance to Fox was likewise in trust. The conveyance from Wheeler as trustee to Fox was exhibited in testimony as also was the resolution of the beneficiaries in the Wheeler trust directing Wheeler to convey to Fox. Without setting out in detail the Wheeler deed to Fox or the resolution authorizing its execution, neither one has one word or sentence indicating that Wheeler's conveyance to Fox was in trust or in continuation of the trustee relationship theretofore existing. On the contrary the resolution of the Wheeler trust beneficiaries authorizes and directs Wheeler as trustee to convey to Fox without limitations and Wheeler's conveyance to Fox merely followed directions. It follows from what we have said that Wheeler had no notice of any trust relation between Fox and appellants and that the Riverside Greyhound Club is an innocent purchaser for value from Landers without notice.

Secondly, the testimony adduced by appellants is wholly insufficient to show that Fox in his sale to Landers acted upon any representation of existing facts, in reference to the property, made by Partin. True it is that Fox says that Partin misrepresented the status of the title to the property and the uses contemplated thereof in the event of purchase, but Fox further admits that he did not rely upon any representation made by Partin. This because he immediately communicated with attorneys located in Memphis, Tennessee, in close proximity to the property and specifically refused to consummate the deal with Partin until advised to do so by his Memphis attorneys. On this phase of the case the law is that to warrant the court in setting aside a conveyance as being superinduced by fraudulent representations the testimony must not only show such fraudulent representations, but that the grantee relied thereon. *Troyer* v. *Cameron,* 160 Ark. 421, 254 S. W. 688; *Nix* v. *Kirkland,* 173 Ark. 291, 292 S. W. 664.

No error appearing, the decree is affirmed.