HARRIS v. BYERS.

4-7980                                          197 S. W. 2d 730

Opinion delivered November 18, 1946.

Rehearing denied December 23, 1946.

*W. W. Bandy* and *D. K. Hawthorne,* for appellant.

*D. G. Beauchamp,* for appellee.

McHANEY, Justice. Appellants are husband and wife, as are also the appellees, and appellant E. Jane Harris is the sister of appellee M. D. Byers. Appellees brought this action in the circuit court against appellants to recover the possession of southeast northwest 27-19-5 in Greene county and the north one-half southwest northwest of the same section. The first or 40-acre tract was conveyed to appellees by appellants by warranty deed dated January 15, 1937, for a recited consideration of $125 paid, which deed also included the northeast northwest of said section, or the whole of the east one-half northwest thereof. The deed recites that it conveys 80 acres, "more or less said line between E½ of northwest section 27, township 19 N., R. 5 E, and NE¼ SW¼, section 27, township 19 N., R. 5 E., to remain as already established." In other words, that the line between the southeast northwest and the northeast southwest, same section, was to remain as it then was. The 20-acre tract here involved was purchased from the State by appellees on July 5, 1938, and a deed therefor was issued to them by the State Land Commissioner. The State's title was based on a tax forfeiture and sale to it in 1925 for the taxes of 1924, and certified to it in 1927, after the two-year period of redemption had expired. Thereafter the State's title was confirmed by decree of the Greene chancery court on January 9, 1931, under the provisions of Act 296 of 1929. The complaint alleged that appellants had wrongfully and without any authority taken possession of said two tracts and were wrongfully holding same and refusing to deliver the possession thereof. They prayed for possession and damages.

Appellants answered with a general denial, and by way of a cross-complaint further alleged that the State's deed to the 20-acre tract was void for certain reasons set out. As to the deed executed by them to appellees on January 15, 1937, they alleged that the real consideration for the conveyance was $125 cash and a deed from the father of Mrs. Harris and appellee Byers conveying to her the whole of the northeast southwest of said section, and that a deed thereto was tendered her by her brother from her father, now deceased, and accepted by her, but that the deed tendered and accepted conveyed to her only the west one-half of said 40 acres instead of the whole 40-acre tract, and that the deed so tendered and accepted was not signed or executed by her father, and that these representations were false and fraudulent, and that they were relied on by them when they conveyed to appellees the 80-acre tract above described, to their injury, and because thereof they have elected to rescind the transaction and offer to return the $125 received from appellees. They say they did not discover this alleged fraud until November, 1941. They also offer to convey to the heirs of the father the 40-acre tract conveyed to them in his lifetime.

Trial resulted in a decree for appellees and holding that they are the owners in fee of the 80-acre tract conveyed to them by appellants by deed dated January 15, 1937, "except a 7.4-acre tract located in the south, southwest part of the E½ of the NW¼ of said section 27, which is hereinafter set out and described," and further that said deed was not obtained by fraud, as alleged in the cross-complaint. Title to this tract, less the 7.4 acres was confirmed in appellees and that part of the cross-complaint alleging fraud was dismissed for want of equity. The court established the boundary line referred to in said deed as "Said line . . . already established," and described said 7.4 acres by metes and bounds, and held that appellees did not acquire the title thereto by said deed. Title thereto was quieted in appellant, Mrs. Harris. As to the 20-acre tract acquired by appellees from the State, the court dismissed the cross-complaint and quieted the title thereto in appellees. Title to the whole

of the northeast southwest was quieted in appellant, Mrs. Harris, and the deed from the father to appellee, M. D. Byers, to the east half of said quarter section was canceled.

This appeal is from that decree. We think the court correctly solved the family controversy. The appellees have not appealed from that portion of the decree against them. In fact, the principal bone of contention was the south boundary of the tract conveyed by appellants to appellees on January 15, 1937, the 7.4-acre tract awarded to appellants or to Mrs. Harris. Certain questions are argued about the deed of the father to the 40-acre tract described as northeast southwest—that it conveyed only 20 acres, and that the signature on the deed was not that of the deceased father. We think it makes no difference whether it conveyed 20 acres, or was signed by the father or was a forgery, because the decree of the court awards this 40 acres to appellant, Mrs. Harris, and quiets the title thereto in her, and appellees who are the only ones adversely affected by the decree have not appealed, but have all along conceded this 40-acre tract to be her property.

No fraud or misrepresentation was made that resulted in any injury to appellants, and false or fraudulent representations not resulting in injury are not actionable. *Bankers Utilities Co. v. Cotton Belt Savings & Trust Co.*, 152 Ark. 135, 237 S. W. 707.

As to the 20-acre tract above described as north one-half, southwest northwest, appellants have made no argument about this part of the decree, and seem to have abandoned any claim thereto, for in the concluding paragraph of their brief they ask for a reversal of the decree only as to the east one-half, northwest of section 27.

We find no error, and the decree is accordingly affirmed.