## PASTERNACK v. ESSKAY ART GALLERIES, Inc., et al.

### Civ. No. 432.

United States District Court
W. D. Arkansas, Hot Springs Division.
May 22, 1950.

———◆———

David B. Whittington of McMath, Whittington, Leatherman & Schoenfeld, Hot Springs, Ark., for plaintiff.

Curtis L. Ridgway, Hot Springs, Ark., C. Floyd Huff, Jr., Hot Springs, Ark., for defendants.

JOHN E. MILLER, District Judge.

The complaint was filed October 3, 1949, and in due time and on October 31, 1949, the defendants filed a motion to dismiss alleging that the individual defendants, Samuel H. Kirsch and Harold Brand, were acting as agents and servants of the defendant corporation and that said defendants were not personally liable for their alleged acts while acting within the scope of their authority as agents of the defendant corporation. Also, it was alleged that the complaint did not state facts sufficient to constitute a cause of action.

On December 9, 1949, the motion to dismiss was overruled and the court filed with the Clerk of the Court on that date a letter addressed to the attorneys for the respective parties stating the reasons for the overruling of the motion to dismiss.

On December 19, 1949, the defendants filed their answer from which it appears that the defendant Samuel H. Kirsch had been erroneously designated in the complaint as Samuel D. Kirsch, and that the defendant Esskay Art Galleries, Inc., had been erroneously designated in the complaint as Esskay Art Gallery, Inc., and at a later time the court permitted an amendment to the complaint by interlineation to show defendants' correct names as Samuel H. Kirsch and Esskay Art Galleries, Inc. Also, it was called to the attention of the court that the name of plaintiff is correctly spelled Pasternack instead of Pasternak as appeared in the pleadings, and this erroneous designation was likewise corrected.

The cause proceeded to trial to the court without a jury on May 15 and 16, 1950, upon the issues as made by the complaint and answer, and having heard and con-

sidered all of the testimony adduced, including the ore tenus testimony of witnesses, the depositions of Joseph A. Goodman and the defendant, Harold Brand, and the answers to the interrogatories propounded to plaintiff on May 15, 1950, and having examined the exhibits to the testimony, the court now makes and files herein its findings of fact and conclusions of law, separately stated.

## Findings of Fact

### 1

The plaintiff, Joseph W. Pasternack, is a citizen and resident of the State of Louisiana.

The defendant, Esskay Art Galleries, Inc., is a corporation organized and existing under the laws of the State of Arkansas and is engaged in the business of operating a jewelry auction in the City of Hot Springs, Arkansas.

The defendant, Samuel H. Kirsch, is a citizen and resident of the State of Arkansas and resides in Hot Springs, Garland County, Arkansas.

The defendant, Harold Brand, is a citizen and resident of the State of New Jersey.

The amount involved herein exceeds the sum of $3,000.00, exclusive of interest and costs.

### 2

A few days prior to February 16, 1949, the plaintiff, accompanied by his wife, was sojourning in the City of Hot Springs and had visited the place of business of the defendant, Esskay Art Galleries, Inc., where he had purchased at public auction certain personal property, including rugs and jewelry. At that time the plaintiff became acquainted with the defendant, Harold Brand, who was employed by the defendant, Esskay Art Galleries, Inc., as an auctioneer. At that time the defendant Brand learned that the plaintiff Pasternack was a man of considerable wealth.

It appeared at that time that the plaintiff Pasternack would be required to vacate his hotel accommodations within a very short time because it was the policy of the hotels in Hot Springs, Arkansas, at that

particular season to permit guests to remain only for a limited period of time. As the result of the conversation between the plaintiff Pasternack and defendant Brand the latter undertook to assist the plaintiff to retain his present accommodations or to obtain accommodations in another hotel. The defendant Brand requested the defendant Kirsch to give the matter his attention, which the defendant Kirsch did, and as a result thereof, the plaintiff obtained other satisfactory hotel accommodations, and at the same time the defendant Kirsch rendered the plaintiff a service in obtaining for him railroad tickets and accommodations. At that time the plaintiff had not personally met the defendant Kirsch, but either the day of the first purchases or the next day the defendant Brand was invited by the plaintiff and Mrs Pasternack to have lunch with them, which invitation the defendant Brand accepted, and while at lunch the defendant Kirsch appeared and was introduced as the person who had acquired for them the hotel rooms and had rendered them a service in connection with the railroad reservations. The plaintiff and his wife expressed their gratitude to the defendant Kirsch for the favors that he had done them. The next day or the following day subsequent to the luncheon the plaintiff accompanied by his wife was walking along the sidewalk adjacent to the place of business of the defendant Esskay Art Galleries, Inc., where they again met the defendant Brand who appeared to them to be somewhat agitated and who advised them that the Esskay Art Galleries, Inc., had five pieces of jewelry which it was necessary to sell before 3:00 P.M. This meeting occurred about 2:30 P.M. or about 30 minutes prior to the deadline for making the sale of the jewelry. The defendant Brand advised the plaintiff and his wife that if a sale was not made that afternoon before 3:00 P.M. that the title to the jewelry or its proceeds would vest in a cat and dog hospital and that he felt that someone other than such a hospital should have the jewelry. The defendant Brand stated that he had a telegram from the "Ewing Estate in the East" to that effect but did not show the telegram to the plaintiff. At the insistence of the defendant Brand the plaintiff and his wife entered the place of business and the plaintiff was conducted to an office in the rear of the place of business where he was shown the jewelry and where he inspected the same. A discussion between the plaintiff and the defendant Brand ensued about the value of the jewelry and the value was represented by the defendant Brand to be approximately $46,000.00. This occurred only a few minutes prior to the deadline for a sale prior to 3:00 P.M.

### 3

The sales made by the defendant, Esskay Art Galleries, Inc., which deals in jewelry, rugs, silverware, linens and other objects of household equipment and personal adornment and of art, are made at public auction. It employed trained auctioneers to conduct the sales and it is the usual practice where articles of considerable value are to be offered to show the articles to prospective purchasers prior to the auction sales, as was done in this case.

### 4

The plaintiff is a man of several years of business experience. He is interested in the operation of a bank, a mercantile establishment and other enterprises in his home town of Ferriday, Louisiana. He is of a more or less prententious mien and apparently seeks to impress those whom he meets as a man of affluence.

### 5

When the plaintiff was accosted by the defendant Brand who pretended to be acting under stress and the necessity of making an immediate sale of the jewelry to prevent the title or proceeds from passing to the cat and dog hospital, the plaintiff advised the defendant Brand that he had no desire to purchase the jewelry and that he was not interested in purchasing it for the adornment of himself, Mrs. Pasternack or any member of his family, whereupon the defendant Brand stated that if the jewelry could be bought for $15,000.00 or $16,000.00 that it would be an exceedingly good purchase and that the jewelry could be sold in separate pieces for a sum of money con-

siderably in excess of such a purchase price; that in the event the plaintiff purchased the jewelry that he would see that the plaintiff lost nothing and would undertake to resell the same and that they would share the proceeds over and above the amount invested by the plaintiff. A letter to this effect was promised. At the time of making these promises defendant Brand had no intention of performing them, but made them solely to induce the plaintiff to make the purchase when it appeared that he might not do so.

The jewelry, which was exhibited to the court and as described, is not of such a character as would appeal to a fastidious person or such as would ordinarily be worn by the average genteel man or woman. The diamonds were represented by the defendant Brand as being genuine and perfect and while the testimony shows that the jewels are diamonds and practically all of them are perfect stones in so far as facets, shape and cutting are concerned, none are of the color that is required of diamonds of the first class. A casual examination of the diamonds by a person of ordinary experience discloses that they are yellow and cape. A great many of them contain flaws which substantially reduce their market value.

The prior association of the defendant Brand with the plaintiff had been such as to lead the plaintiff to accept the statements of the defendant Brand at face value, and he was induced to purchase the jewelry because of the representations made by the defendant Brand as to the quality of the jewelry, its utility and saleability. The defendant Brand knew that the jewelry was not of such quality and style as to be easily sold to persons of discrimination. The plaintiff relied upon the representations of the defendant Brand and agreed to bid at the auction and did bid the sum of $14,000.00, which bid after a more or less sham auction was accepted and the plaintiff in accordance with said bid and the acceptance thereof, paid the defendant, Esskay Art Galleries, Inc., the said sum of $14,000.00.

**6**

The proof adduced by the plaintiff does not show that the defendant, Samuel H. Kirsch, agreed to undertake to resell the jewelry for the plaintiff at a profit, but the defendant Brand, as the employee of the defendant, Esskay Art Galleries, Inc., did in fact make such statement and promise to the plaintiff, which, together with the false representations as to the quality, utility and saleability of the jewelry, induced the plaintiff to purchase said jewelry.

**7**

The plaintiff was not at the time of the sale and is not now a dealer in jewelry of the type involved herein. He has from time to time purchased various articles of jewelry through his mercantile establishment for his customers upon which he realized a modest profit. In addition thereto, he had from time to time purchased diamond rings and other jewelry for the personal adornment of himself and Mrs. Pasternack, and at the time had some knowledge of the market value of diamonds of good quality. There is no evidence that plaintiff was familiar with jewelry of the character exhibited to and purchased by him in this instance. He made no attempt to obtain information as to its value or the source or origin or cost of the jewelry but relied solely upon the representations made by the defendant Brand.

**8**

Subsequent to the time of the consummation of the sale the defendant Kirsch appeared and insisted upon accompanying plaintiff and Mrs. Pasternack to their hotel. He gave as his excuse for such conduct that the diamonds were of great value, approximately $46,000.00, and that since Hot Springs was infested with a class of gentry who would take a supreme delight in relieving them of such valuables, that they needed the protection of his pistol, which he exhibited to them as being present on his person.

**9**

The testimony of Isadore Levitansky and Hyman Levitansky was that the diamonds

at the time of the sale were worth $16,235.-50, inclusive of federal excise taxes. The testimony of Joseph A. Goodman of the firm of Julius Goodman and Son fixed the value at $15,300.00, inclusive of federal excise taxes. The testimony of Giles A. Gibbs, a local jeweler, fixed the value at $12,513.-00, inclusive of federal excise and state sales taxes. The testimony of Max Moses of the firm of The Charles F. Stifft Company of Little Rock, Arkansas, fixed the value at $11,000.00, inclusive of federal excise taxes.

The plaintiff obtained the appraisal by Joseph A. Goodman on February 25, 1949, a short time after the sale and later returned to Hot Springs where he offered to return the jewelry to the defendants on the ground that he had been induced to purchase the jewelry upon the fraudulent representations of the defendants. The offer to return the jewelry was refused by the defendant Kirsch as the managing officer of the defendant, Esskay Art Galleries, Inc. Since that time the plaintiff has held the property subject to the orders of the defendant, Esskay Art Galleries, Inc., and has been ready to deliver the same to the defendant at all times upon the repayment to him of the said sum of $14,000.00.

### 10

At the time of the purchase of the jewelry by the plaintiff the reasonable market value to a purchaser who might desire to purchase the same was $11,000.00, inclusive of federal excise taxes but not the state sales tax of 2%, and the plaintiff has suffered actual damages in the sum of $3,000.00 by reason of the fraudulent representations made by the defendant Brand as the agent and representative of the defendant, Esskay Art Galleries, Inc. Such sum is substantial when compared with the total sales value of the jewelry.

Also, plaintiff made the purchase in reliance upon the promise of the defendant Brand, as employee of the other defendants, to resell the same, and as the defendants have refused to do so in accordance with the terms of the promise, plaintiff is confronted with the problem of disposing of the jewelry. The facts disclose that he did not purchase it for his personal use. When it is considered that he is not a dealer and that the jewelry is not highly desirable from a prospective purchaser standpoint, this will in all probability result, if he is compelled to keep it, in a much greater loss.

The plaintiff is now and has been at all times since February, 1949, offering to return the jewelry and demanding a return of his money.

### Conclusions of Law

### 1

The court has jurisdiction of the parties and of the subject matter of this cause of action.

### 2

The representations made by the defendant Brand concerning the jewelry involved herein, heretofore set forth in the findings of fact, were made in the course of a sale by him as employee and auctioneer of the corporate defendant. As such employee and auctioneer the representations were within his apparent, if not express, authority, and they were made within the scope of his employment. Therefore, the defendant, Samuel H. Kirsch, as managing head and principal stockholder (owns 98 of 100 shares), the corporate defendant, Esskay Art Galleries, Inc., as well as the defendant Harold Brand, are responsible for such representations, since the sale was affirmed by and enured to the benefit of the said defendants. Bankers Utilities Co. v. Cotton Belt Savings & Trust Co., 152 Ark. 135, 138, 237 S.W. 707.

### 3

The facts reveal that the defendant Brand made false statements of material existing facts to the plaintiff, with knowledge of their falsity, with the intent to deceive the plaintiff and to induce him to purchase the jewelry involved, which false statements the plaintiff was entitled to rely on and did rely on to his damage. Therefore, defendants practiced a fraud upon the

854

plaintiff in this contract of sale entitling the plaintiff to rescind.

The existence of certain of these elements is obvious from a reading of the findings of fact and needs no further amplification. These are:

(1) that the representations were false;

(2) that they were made with knowledge of their falsity;

(3) that they were made with the intent to deceive the plaintiff and to induce him to make the purchase; and

(4) that the plaintiff purchased the jewelry and was damaged thereby.

The court feels that a word concerning the remaining elements is desirable.

■ (5) The representations were of material existing facts. They operated as an inducement and influenced the plaintiff to make the purchase of the jewelry for the said sum, $14,000.00, and did substantially affect the interests of the plaintiff, for he would not have made the purchase had the representations not been made.

While statements relative to the value of property are ordinarily mere expressions of opinion, the statements made by the defendant Brand were made as a fact rather than as his opinion and concerned a subject, jewelry, peculiarly within his knowledge. Furthermore, the representations of value were coupled with statements of other facts which affected the value and satisfactorily explained, especially to an innocent and unwitting purchaser as was the plaintiff, the reason for the sale so far below the represented value. Therefore, the statements of defendant Brand as to the value of the jewelry were statements of material facts. Jarratt v. Langston, 99 Ark. 438, 442, 138 S.W. 1003.

■ As to the promise of the defendant Brand to resell the jewelry for plaintiff in the future at a profit, it was accompanied by an intention not to perform, and as it was made to deceive the plaintiff and did induce the plaintiff to make the purchase, it is a proper basis for fraud, even though it did not concern existing facts. Pierce v. Sicard, 176 Ark. 511, 517, 3 S.W.2d 337.

■ (6) Under the facts, the plaintiff was entitled to and did rely upon the representations in purchasing the jewelry.

In view of the situation of the parties to this transaction, the plaintiff was under no obligation to make an investigation of the truth of defendant Brand's representations but was justified in relying thereon. Fausett & Co., Inc., v. Bullard, Ark., 229 S.W.2d 490.

4

■ The plaintiff has notified the defendants that he has rescinded the contract and has offered to return the jewelry to the defendants. Therefore, plaintiff is entitled to a rescission of the contract of sale by the court.

5

The plaintiff shall forthwith deliver to the United States Marshal of this court in a sealed container the property described in the complaint and involved herein; that there be attached to the container a list of the property contained therein; that the said United States Marshal shall take and keep the possession, control and custody of said sealed container containing said property until the defendants shall have paid and satisfied in full the judgment rendered herein and shall furnish the United States Marshal proof of said payment and satisfaction of said judgment, whereupon the Marshal shall deliver the property to the corporate defendant or its authorized agent, or until the further orders of the court.

Plaintiff is entitled to judgment for the sum of $14,000.00, plus interest at 6% from the date of the sale, February 16, 1949, conditioned, however, upon a compliance by him with the provisions of the preceding paragraph.

Furthermore, the inpounding of said jewelry in the hands of the United States Marshal shall in no wise prejudice the rights of the plaintiff to process for the collection of said judgment as provided by law.

6

Judgment and decree in accordance with the above should be entered.