**Jimmy MOSS and Moss Farms, Inc., Plaintiffs**

v.

**AMERICAN ALTERNATIVE INSURANCE CORPORATION; and Bruce Gasaway, d/b/a First Arkansas Insurance of Dumas–McGehee, Defendants.**

**No. 5:06CV00010 JLH.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

March 14, 2006.

Charles C. Gibson, III, Gibson & Hashem, Monticello, AR, for Plaintiffs.

G.S. Brant Perkins, Attorney at Law, Jonesboro, AR, for Defendants.

## OPINION AND ORDER

HOLMES, District Judge.

Jimmy Moss and Moss Farms, Inc., have filed a motion to remand this case to the Circuit Court of Desha County, Arkansas, on the ground that diversity jurisdic-

tion is lacking inasmuch as Bruce Gasaway is a citizen of Arkansas, as is Jimmy Moss. Moss Farms, Inc., is an Arkansas corporation with its principal place of business in Arkansas. The defendants contend that Gasaway was fraudulently joined for the purpose of defeating federal diversity jurisdiction. Disregarding Gasaway, complete diversity of citizenship exists.

When a defendant is joined solely to deprive federal courts of jurisdiction, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir.1984). In *Filla v. Norfolk Southern Railway Company,* 336 F.3d 806 (8th Cir.2003), the Eighth Circuit stated the standard for determining when joinder is fraudulent.

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.

*Id.* at 810 (citations omitted) (emphasis in the original). In making this determination, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811. If "the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting

*Iowa Pub. Serv. Co. v. Med. Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977)).

## I.

The complaint alleges that, after plaintiffs filed a claim for hail damage to a cotton crop, AAIC fraudulently misrepresented material terms of the insurance policy to the plaintiffs "in a bad faith attempt to avoid its payment obligations." Specifically, the plaintiffs allege that AAIC represented that the insurance policy required the plaintiffs to submit to an out-of-court appraisal process, which AAIC called arbitration, and that the results of the arbitration would be final and binding. The plaintiffs say that the insurance policy does not include such terms. The only allegation made against Gasaway is that AAIC's "fraudulent misrepresentations of the policy were perpetuated by Defendant Bruce Gasaway in obtaining the signature of Plaintiffs to an additional agreement for arbitration that would be final and binding, all with the same clear implication that the Plaintiffs had no right to go to court if they were dissatisfied with the results of this arbitration."

The plaintiffs never participated in an arbitration process, however, and the complaint states that the plaintiffs' "signatures to said [arbitration] agreement were promptly withdrawn by Plaintiffs upon being advised of their legal rights, and before an action was taken pursuant thereto." The plaintiffs' complaint alleges no damage as a result of the fraudulent misrepresentation.

## II.

The defendants maintain that the plaintiffs have stated no colorable claim against Gasaway under Arkansas law. The plaintiffs' only claim against Gasaway is that he perpetuated AAIC's fraudulent misrepresentation, and the defendants contend that

this claim fails because the complaint does not contain allegations that, if believed, would establish the elements of the tort of fraud.[1]

The plaintiffs contend that they need not establish each element of fraud as to Gasaway because he acted in concert with AAIC and the elements can be established as to AAIC and Gasaway's joint activities. The plaintiffs are correct that Gasaway would be liable under Arkansas law if all the elements of fraud were established as to AAIC and Gasaway jointly. "It is not necessary for a single person to perform all the acts constituting fraud where two persons participate in a fraudulent scheme. Each party to a fraudulent transaction is responsible for the acts of others in furtherance of the fraudulent scheme, and all who participate are liable for the fraud." *Stine v. Sanders*, 66 Ark. App. 49, 57, 987 S.W.2d 289, 294 (1999). However, the complaint does not allege all of the elements of fraud even when Gasaway's conduct is viewed in connection with AAIC's.

In Arkansas, fraud consists of five elements: "(1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance upon the representation; and (5) damage suffered as a result of the reliance." *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 580, 66 S.W.3d 568, 577 (2002). *See also* HOWARD W. BRILL, ARKANSAS LAW OF DAMAGES § 33:8 (5th ed.2004). Claims of fraud must be pleaded with particularity. ARK. R. CIV. P. 9(b). The plaintiffs have not stated a fraud claim against Gasaway because their complaint alleges no facts to establish the last two elements, reliance and damages. Indeed, the complaint shows on its face that these two elements of the tort cannot be established.

The plaintiff can recover for fraud "only if he in fact relies upon the misrepresentation in acting or in refraining from action." RESTATEMENT (SECOND) OF TORTS § 537 cmt. a (1977). If the plaintiff "does not in fact rely on the misrepresentation, the fact that he takes some action that would be consistent with his reliance on it ... does not impose any liability upon the maker." *Id.* When a plaintiff discovers the misrepresentation and protects his interests rather than acting in reliance on it, the misrepresentation is not actionable. *Woodrow v. Riverside Greyhound Club*, 192 Ark. 770, 774, 94 S.W.2d 701, 703 (1936); *see also Wiggins v. Dist. Cablevision, Inc.*, 853 F.Supp. 484, 498 (D.D.C.1994) (plaintiff did not state claim for fraud where the complaint alleged that he had disputed the defendants' false entry in the plaintiff's employment file, so that the plaintiff had not relied on the misrepresentation); *Kantor v. Bernstein*, 225 A.D.2d 500, 640 N.Y.S.2d 40, 42 (N.Y.App.Div.1996) (where plaintiff perceived defendants' attempted fraud and acted immediately to protect himself, no reliance was shown and fraud claim therefore failed). *See also Tyson Foods*, 347 Ark. at 577, 66 S.W.3d at 581 ("mere fraudulent intent unaccompanied

1. The complaint also asserts claims against AAIC for breach of contract and the tort of bad faith. Gasaway, however, has no liability in connection with either of these claims. Gasaway has no liability on the breach of contract claim because the plaintiffs have not alleged that he was a party to the insurance contract between AAIC and the plaintiffs. Gasaway is not subject to the claim for bad faith because, under Arkansas law, this tort applies only to insurance companies. *Country Corner Food & Drug, Inc. v. First State Bank & Trust Co. of Conway, Ark.*, 332 Ark. 645, 655, 966 S.W.2d 894, 898 (1998).

by any injurious act is not the subject of judicial cognizance").

According to the complaint, the alleged misrepresentation was an attempt to deceive the plaintiffs into settling their dispute with AAIC in an out-of-court proceeding, thereby forfeiting their right to proceed in a court of law. The plaintiffs allege that they neither participated in any arbitration proceedings nor forfeited their legal right to pursue their claims. Although they signed an agreement to do so, they promptly withdrew their signatures upon receiving legal advice. Then, they filed suit. The complaint expressly states that the plaintiffs withdrew their consent to the arbitration agreement "before an action was taken pursuant thereto." Thus, the complaint, itself, shows that the plaintiffs discovered the alleged attempted fraud before acting in reliance upon it. Hence, the complaint shows on its face that the plaintiffs cannot establish the element of reliance. "The maker of a fraudulent misrepresentation is not liable to one who does not rely on that misrepresentation. This is a lack of causal relation in its simplest form." *MFA Mut. Ins. Co. v. Keller*, 274 Ark. 281, 285, 623 S.W.2d 841, 843 (1981). The complaint therefore fails to state a claim of fraud.

Damages are an essential element of fraud, and a fraud case must include allegations of sufficient facts to satisfy this element or the case is subject to dismissal. *Tyson Foods*, 347 Ark. at 580, 66 S.W.3d at 577. The complaint alleges no damages as a result of the defendants' misrepresentations. The plaintiffs contend that this element is met for two reasons.

First, the plaintiffs incorrectly maintain that nominal damages may be awarded in fraud cases in the absence of actual damages. The Arkansas Supreme Court has repeatedly held that false or fraudulent representations that do not result in injury are not actionable. *Id.*;

*Harris v. Byers*, 210 Ark. 695, 698, 197 S.W.2d 730, 731 (1946); *McCombs v. Mansfield*, 194 Ark. 208, 211, 106 S.W.2d 579, 581 (1937); *Bankers' Utils. Co., Inc. v. Cotton Belt Sav. & Trust Co.*, 152 Ark. 135, 138, 237 S.W. 707, 708 (1922); *Irons v. Reyburn*, 11 Ark. 378, 389 (1850).

Second, the plaintiffs argue that their responses to the defendants' discovery requests show that the plaintiffs intend to seek damages for "mental anguish" as a result of the alleged misrepresentations. This argument fails because "[d]amages for mental anguish due to fraud are not cognizable in Arkansas." *Allen v. Allison*, 356 Ark. 403, 419, 155 S.W.3d 682, 693 (2004).

## CONCLUSION

The plaintiffs state no colorable cause of action against Gasaway under Arkansas law. It appears that he was joined to defeat federal jurisdiction. The defendants properly removed the case to federal court. The plaintiffs' motion to remand (Docket #7) is therefore DENIED. Bruce Gasaway, d/b/a First Arkansas Insurance of Dumas–McGehee, is dismissed.